[No. D002694. Fourth Dist., Div. One. Jan. 28, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK SANDOVAL, Defendant and Appellant.

**Counsel**

Joel M. Kriger, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom and John W. Carney, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**WORK, J.**—Frank Sandoval appeals the latest of many judgments of conviction; this time another for residential burglary. We affirm the judgment after rejecting his claim the trial court's failure to exercise discretion to exclude evidence of his prior convictions for impeachment requires reversal, his contention that the court failed to take a separate jury trial waiver on the trial of his prior conviction enhancement allegations, and his charge that his jury trial waiver was tainted by pretrial evidentiary rulings and requires a reversal per se.

I

Sandoval first argues his general waiver of a jury trial, *after* the granting of his motion to bifurcate the trial on the current charged offenses from the fact-finding regarding the truth of allegations he had suffered prior felony convictions, did not relieve the trial court from its obligation to take a separate jury-trial waiver as to the portion relating to the prior convictions. We find no case or statutory authority supporting Sandoval's contention. He does not contend any constitutional right has been violated. We find there is no such duty.

The justification for a bifurcated proceeding relating to prior convictions is to prevent jurors deciding a defendant's guilt on unrelated charges from being informed of a prior criminal record by exposure to those prior convictions which have no relevance to guilt on present charges.

The issue was directly addressed in *People* v. *Berutko* (1969) 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721], where the Supreme Court held a single waiver of jury trial will be deemed a defendant's consent to try *all* issues in the case before the court sitting without a jury, including prior conviction charges.

Sandoval relies on the inapposite holding of *People* v. *Memro* (1985) 38 Cal.3d 658, 700-705 [214 Cal.Rptr. 832, 700 P.2d 446]. There, the Supreme Court states a specific jury waiver is required for the trial of death penalty special circumstances in addition to the jury waiver on the issue of guilt. The *Memro* holding is based solely on the statutory requirement in former Penal Code section 190.4, subdivision (a) enacted by the 1977 Death Penalty Law, which stated: "[i]f the defendant was convicted by the court sitting without a jury, the trier of fact [on the special circumstance allegation(s)] shall be a jury unless a jury is waived by the defendant and by the people, in which case the trier of fact shall be the court."[1] No such legislation specifically requires a jury trial for enhancing allegations of prior convictions, a fact noted by the Supreme Court when referring to *People* v. *Berutko* which the People had urged to support its position in *Memro* (*People* v. *Memro, supra,* 38 Cal.3d at pp. 702-703, fn. 52).

Preliminarily, it is probable the Supreme Court's footnote reference to *Berutko* in *Memro* (postdating the rule stated in *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644, 650-655 [174 Cal.Rptr. 911]), that a defendant is entitled to a two-part trial of guilt of prior convictions upon request, suggests its continued approval of *Berutko* on the present facts. Sandoval argues the holding of *Berutko* cannot be applied to the present situation because it preceded the holding of *Bracamonte,* which "created" the right to a separate trial on prior convictions. Although the bifurcated trial procedure was first announced as a prospective rule in *People* v. *Bracamonte,* the *Berutko* holding which preceded it impliedly recognized cases from which the trial of prior conviction allegations would be separate from the guilt phase. It refers to former Penal Code section 969-1/2 which specifically stated prior convictions should be tried by a jury *unless the jury was waived* in which case it may be tried by the court. The Supreme Court referred to the holding in *People* v. *Russell* (1961) 195 Cal.App.2d 529, 532 [16 Cal.Rptr. 9], where the defendant waived a jury trial and at close of the guilt phase his counsel and the prosecuting attorney stipulated to a waiver of jury regarding the prior convictions. Although defendant did not personally join in the waiver, the court flatly held a defendant's consent to a trial on the issues in the case by a court without a jury includes the issue relating to truth of the alleged prior convictions. (*People* v. *Berutko, supra,* 71 Cal.2d at p. 94.) *People* v. *Berutko* disposes of this issue.

## II

Because Sandoval pleaded guilty early in the proceedings, a presentence

---

[1]The present death penalty law similarly provides in Penal Code section 190.4, subdivision (a).

probation report outlined his prior criminal history, his statement of the offense, the victim's statements and the usual biographical material. However, before sentencing, Sandoval withdrew his plea of guilty. Before trial began and before Sandoval waived a jury, the court and counsel discussed a possible disposition. The court asked the parties to explore settlement and stated it would read the probation report to expedite proceedings should disposition occur. No disposition was reached. The court announced it had read the probation report and emphasized it would not be affected by its contents during trial of the case or by way of penalizing Sandoval for exercising his right to trial should he be found guilty. These comments were made in Sandoval's presence. After discussing additional pretrial motions, Sandoval and his attorney expressly waived a jury trial. ▪ Neither expressed concern with the court's reading the probation report, and appellate counsel does not suggest any factual support for his claim the trial court's pretrial exposure to the probation report made it impossible for it to sit as an unbiased trier of fact.

Insofar as the trial court may have learned of Sandoval's prior criminal history, suffice it to say a trial court always knows allegations in pleadings regarding prior convictions and is presumed able to impartially judge the guilt issues as well as the truth of those prior convictions. Here, the information identifies three prior felony convictions and two prior prison terms. The court is unlikely to have been more adversely affected by additional information in the probation report regarding Sandoval's prior criminality than would be created by reading those allegations. Sandoval was caught red-handed, burglarizing the residence for which he was charged and convicted. There were no relevant issues of identity, as he was caught with loot in his hands and pockets. The proof of the prior convictions was established by clear documentation and the defendant's personal jury waiver was taken with full awareness the trial court had read the presentence report. Sandoval's lack of a credible defense as to either guilt or the validity of the prior conviction allegations convinces us beyond any reasonable doubt the unusual procedure here caused no prejudice.

### III

▪ Sandoval next claims the trial court erred in failing to exercise discretion under Evidence Code section 352 when ruling on his motion to prohibit the People from impeaching his credibility as a witness through evidence of his three previous theft-related burglaries and one robbery. He is correct. (See *People* v. *Castro* (1985) 38 Cal.3d 301, 317 [211 Cal.Rptr. 719, 696 P.2d 111].) At least in part as a result of this pretrial ruling, Sandoval waived a jury to, as he puts it, "have any opportunity for a fair trial." He in fact had a fair trial and does not now contend otherwise. He

claims, however, he did not have a fair *jury* trial and that his decision to waive a jury hinged largely on the fact he wished to preserve his right to testify without having his credibility impeached to jurors by evidence of his prior felonies. He did testify at trial.

We now have definitive guidance on the admissibility of prior felony convictions for credibility impeachment following passage of Proposition 8 and enactment of article I, section 28, subdivision (b) of the California Constitution, a luxury not available to the trial court when it faced this problem. The decisions in *People* v. *Castro, supra,* 38 Cal.3d 301, and *People* v. *Collins* (1986) 42 Cal.3d 378 [228 Cal.Rptr. 899, 722 P.2d 173], fully analyze both the trial and review procedures.

However, because evidence of Sandoval's prior conviction was never admitted at his court trial, we are not faced with the task of determining whether that trial was tainted by the *Castro* error. Our issue is more fundamental. Was Sandoval's jury trial waiver constitutionally flawed because it was based on the court's evidentiary error? Although recognized, it is an issue not resolved in *People* v. *Collins, supra,* 42 Cal.3d at page 391, footnote 12.

Although Sandoval stated he had been evaluating whether to waive a jury for several weeks before trial, no decision was reached until after his motion to exclude evidence of the prior convictions was denied. At that time his lawyer stated, "[Sandoval] has basically decided, especially in light of the ruling on the priors, to waive jury." The waiver was followed promptly with Sandoval's statement he believed a court trial "is good enough for me." Certainly, the record is somewhat ambiguous and it is possible the rejection of Sandoval's exclusionary motion was not the dispositive factor in his decision to waive the jury. However, in light of his counsel's statement it would appear the fear of prior felony impeachment in front of lay jurors was a substantial factor in Sandoval's choice, we decline to speculate on possible contrary scenarios which can only be hypothesized from this record.

Even though we find Sandoval was induced to waive a jury because of the court's denying exclusion of his prior felony convictions, the waiver cannot be deemed coerced if denial is the only choice permitted by law had the court exercised its discretion in accordance with *Beagle* [2]/*Castro* guidelines. Although each of the four priors here involve moral turpitude, they may be admissible as a matter of law in unusual cases if the trial court could not have exercised its discretion only in favor of exclusion. (*People* v. *Collins, supra,* 42 Cal.3d at p. 390, fn. 11.) Whatever factual scenarios *Collins* envisions by this principle, there is no legal impediment to admitting any

---

[2]*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

or all of Sandoval's burglary or robbery priors. Conversely, the trial court was not legally compelled to admit any. We also recognized, although there is undoubtedly a greater danger for prejudice and of a greater degree when multiple priors are admitted as compared to only one, there is also greater probative value on the issue of a defendant's testimonial credibility. Thus, multiplicity alone, even where multiple priors are for the same crime as that being adjudicated, is merely a factor to be discretionarily balanced by the trial court. (*People* v. *Holt* (1984) 37 Cal.3d 436, 452-453 [208 Cal.Rptr. 547, 690 P.2d 1207].)

In sum, we have a case where the trial court could have exercised its discretion in favor of admitting evidence of all four priors. Had it done so, Sandoval would have been faced with the same choices. His waiver was motivated by the court's refusal to exclude the priors, not its rationale for that decision. Alternatively, the trial court could have refused to admit one or more of the priors.

 Since the trial court could have discretionarily denied admission of one or more of the four prior convictions, we must address the issue posed by *Collins*: what is the standard of review for reversible error where one is induced to forgo the right to trial by jury because of *Castro* error? If the correct standard depends on evaluating the impact of the error against the predictability of Sandoval obtaining a more favorable result had it not occurred, the judgment must be affirmed. Assuming a jury would correctly follow relevant instructions on the law, we are satisfied beyond reasonable doubt it would have convicted Sandoval of burglary even absent reference to even one prior conviction. (*Chapman* v. *State of California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 875 S.Ct. 824, 24 A.L.R.3d 1065].)

The People urge us to evaluate trial court errors which induce a defendant to waive a jury trial by the same standards for harmless error historically used to determine whether instructional or evidentiary error deprived a defendant of a fair trial by a trier of fact voluntarily chosen. We believe, however, the constitutional due process right to a jury trial (see *Duncan* v. *Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444]) transcends the question whether a "fair" nonjury trial can be substituted. (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604].) One's choice to forgo a jury trial should not be forced by a concern that to do so provides the only fundamentally "fair" trial opportunity. Certainly, there is no incentive for the People or the court to exercise discretion in evaluating admission of prior conviction evidence, if a blanket admission policy would ease their procedural burden by coercing waivers of jury trials constituted so as to deny fundamental constitutional rights.

Here, however, the "unfairness" to which Sandoval objects is exposing the jurors to relevant evidence suggesting his testimony may be suspect because he has willingly committed felonies involving the traits of dishonesty. It is the prejudicial impact of being exposed to the jurors as a burglar and/or robber during a trial to determine guilt on a similar later offense. This is not the fundamental unfairness which makes trial proceedings constitutionally infirm, but at most an evidentiary error the prejudice of which can be evaluated by the harmless error standard stated in *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (*People* v. *Collins, supra,* 42 Cal.3d at p. 391.)

The essence of the question posed in *Collins* footnote 12, is whether Sandoval's jury waiver requires us to evaluate the prejudicial effect of the court's evidentiary mistake by a higher standard than harmless error, including the possibility of a per se reversal standard applicable for defective jury waivers. (See *People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583].)

 We first comment that the overwhelming evidence of Sandoval's guilt shows beyond any reasonable doubt that the error was harmless. (*Chapman* v. *State of California, supra,* 386 U.S. at p. 24 [17 L.Ed.2d at pp. 710-711].) We also reject a reversal per se rule on these facts.

*People* v. *Holmes, supra,* 54 Cal.2d 442, stressed the practical difficulty facing Courts of Appeal attempting to determine from a silent or ambiguous record, whether a defendant had in fact knowingly waived the fundamental right to trial by jury. There, defendant was advised of his right to a jury trial but was not personally asked to and did not personally state his willingness to forgo that right, standing silent while his lawyer purported to "join in the waiver." (*Id.* at p. 443.) Because the California Constitution declares the right to jury trial is to be secured to all and remain inviolate, waivable in criminal cases only by consent of both defendant and his attorney (former Cal. Const., art. I, § 7, now art. I, § 16), the Supreme Court refused to permit appellate courts to find a knowing waiver from conduct other than expressly stated consent. The need for certainty in this critical area of the constitutional right to a jury does not justify speculation on an issue which is so easily avoided by a minimum of trial court attention to detail. (*Id.* at p. 444.)

Here, Sandoval personally waived his right to a jury trial with a full understanding of its consequences. He was not deprived of his right to a jury trial; one was available at all times. Sandoval simply weighed his chances for an acquittal and opted to be tried without a jury. We assume Sandoval believed the slim chance of a court trier-of-fact accepting his incredible defense was a better bet than the odds would be were a jury to weigh the evidence after

learning his criminal history. However, had Sandoval not waived a jury, the correctness of the court's decision and the prejudice to him of any error would be determined in accordance with applicable law—those principles now set forth in *Castro* and *Collins*. Sandoval's waiver is not legally deficient for lack of any required advisement (see *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) or personal consent (*People* v. *Holmes, supra,* 54 Cal.2d 442]).

■ To apply a reversal per se rule in a case where a fully informed defendant waives a jury trial merely to avoid adverse pretrial evidentiary rulings which later prove erroneous would permit litigants to abuse the judicial process. Defendants caught red-handed, facing insurmountable proof, would be encouraged to inundate the courts with *in limine* evidentiary motions, hoping to obtain one which is erroneous, regardless of its significance to establishment of guilt. To require reversal of a fundamentally fair court trial merely because a defendant couples his jury waiver with a statement that it was to avoid the impact of evidence later held inadmissible, without regard to its effect on the judgment, does not promote respect for the judicial system. (*Rose* v. *Clark* (1986) 478 U.S. 570, — [92 L.Ed.2d 460, 470-471, 106 S.Ct. 3101, 3106], citing *Delaware* v. *Van Arsdall* (1986) 475 U.S. 673, 681-682 [89 L.Ed.2d 674, 684-685, 106 S.Ct. 1431, 1436-1437].) We hold the proper standard of review is that stated in *People* v. *Watson, supra,* 46 Cal.2d at page 836.

### DISPOSITION

Judgment affirmed.

Kremer, P. J., and Wiener, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 16, 1987.