[No. D005759. Fourth Dist., Div. One. Mar. 22, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL L. JOHNSON, Defendant and Appellant.

**COUNSEL**

Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Pat Zaharopoulos and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TODD, J.**—Paul L. Johnson pled guilty to one count of petty theft (Pen. Code,[1] § 484) and admitted a prior petty theft (§ 666). He was sentenced to two years in prison.

Johnson alleges two errors were made justifying withdrawal of his guilty plea. First, the court did not advise him he had a right to try the facts of the principal charge and the prior conviction in separate proceedings. Second, because the court did not inform Johnson of his rights pursuant to *Boykin-Tahl*[2] solely with respect to the admission of the prior, he was not allowed

---

[1] All statutory references are to the Penal Code unless otherwise specified.
[2] *Boykin* v. *Alabama* (1968) 395 U.S. 238, 243 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].

the opportunity to make a knowing and intelligent waiver of those rights. For the reasons set forth below, we affirm.

FACTS

On November 11, 1986, Johnson stole a jacket from a department store in Mission Valley. He was charged with violating section 484, petty theft, with a prior petty theft under section 666.[3]

On November 26, 1986, a change of plea hearing was held. At this hearing, Johnson tendered to the court a change of plea form. The form was filled out except for sections 11a and 11b[4]—the initial boxes for these two sections have lines drawn through them and were not initialed by Johnson. The trial court did not explain to Johnson his right to bifurcate the proceedings. Further, while the trial court explained to Johnson his rights pursuant to *Boykin-Tahl* with respect to the plea of guilty, it did not inform him these rights similarly existed with respect to the admission of the prior.[5] Johnson pleaded guilty and admitted the prior.

---

[3] Section 666 reads: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, or robbery and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, is subsequently convicted of petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

[4] Section 11a reads as follows: "I understand that as to any and all prior conviction(s)/enhancement(s) alleged against me in this case, I have all the constitutional rights listed in #3 - #7 above. As to any prior convictions alleged, I understand that if I request a jury trial on the current case, the jury would not learn of, or decide the prior conviction(s) unless and until the jury found me guilty on the current charges."

Section 11b reads as follows: "I hereby admit the prior conviction(s)/enhancement(s) listed in this form, and *give up my constitutional rights, including the right to a separate jury determination on the issue of the prior conviction(s)*." (Italics added.)

[5] Before Johnson entered his guilty plea, he answered the following questions of the court, among others:

"[Q.] . . . Mr. Johnson, have you read over the information on in [*sic*] change of plea form that I am holding?

"A. Yes, sir.

"Q. And you understand, do you, the rights and consequences or effects of a guilty plea?

"A. Yes, sir.

"Q. And is this your signature on the reverse side here?

"A. It is.

"Q. Now, the maximum penalty for this offense, petty theft with a prior, is three years in state prison and $10,000 fine, and if sentenced to prison, you can be subject to as much as 48 months under parole jurisdiction. You're aware of that?

"A. Yes.

"Q. Are you on probation or parole at the present time?

"A. Yes.

"Q. Well, then it is possible—you understand that it is possible that your parole could be revoked as a result of your conviction on this charge.

## DISCUSSION

### I

■ The trial court was not required to instruct Johnson about his right to have the principal charge and prior heard separately. Because the prior conviction for petty theft is an element of the principal crime charged and triable at the time the principal crime is tried, Johnson had no right to a bifurcated proceeding.

Relying on the notion that jury knowledge of a prior conviction can cause potential prejudice against which defendants should be accorded protection, *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644, 655 [174 Cal.Rptr. 191], held that where a defendant contests the existence of a prior charged for purposes of enhancing his sentence (§ 667.5), he or she is entitled to have that matter heard only after the jury has found the defendant guilty of the principal charge.[6] This bifurcated procedure, however, does not apply to a trial of petty theft with a prior petty theft conviction "where the prior conviction is itself an element of the underlying charge." (*People* v. *Shippey* (1985) 168 Cal.App.3d 879, 890 [214 Cal.Rptr. 553].)

The rule stated in *Shippey* is supported by the following passage in *People* v. *Valentine* (1986) 42 Cal.3d 170, 179-180, footnote 3 [228 Cal.Rptr. 25, 720 P.2d 913]: "Nor is bifurcation mandatory under *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644 [174 Cal.Rptr. 191]. *Bracamonte* declared a rule of procedure that when defendant disputes priors alleged for purposes of

---

"A. Yes.

"Q. Now, if you plead guilty to the charge in this case, the other case, F100388, would be dismissed, and if parole is revoked, the CRC parole, then any time in custody on this offense will run concurrent with the time you're given on the revocation or violation of parole. If your parole is not revoked, then the District Attorney would not oppose that you be committed pursuant to 3051 of the W&I, Welfare and Institutions Code. Is that what you've been told?

"A. Yes.

"Q. Okay. And has anything else been promised you other than what I have just read?

"A. No, sir.

"Q. And you understand that you are giving up your right to have a jury trial, and you're giving up your right to cross-examine the prosecution witnesses. Furthermore, you are giving up your privilege against self-incrimination if you plead guilty. Do you understand that?

"A. Yes, sir."

[6] With respect to prior felony convictions, particularly those which are an element of the offense, California Constitution article I, section 28, subdivision (f), adopted in 1982 as part of Proposition 8, has modified the *Bracamonte* rationale if not its ruling by providing: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

sentence enhancement, trial on the priors should be postponed until after conviction on the current charge. As *Bracamonte* noted, '[t]he issue of guilt "and the proof of prior convictions [for enhancement of sentence] are clearly severable." [Citation.] The latter is unrelated to the substantive issue of guilt and affects only the penalty imposed. [Citation.]' (P. 650.) Here, by contrast, ex-felon status is directly related to the substantive issue of guilt and is not 'clearly severable.' "

Likewise in Johnson's case, the status of conviction of a prior petty theft is directly related to the substantive issue of guilt. Thus, under this language of *Valentine,* bifurcation is not required.

This court said in *People* v. *Sandoval* (1987) 188 Cal.App.3d 1428, 1430 [234 Cal.Rptr. 97], "The justification for a bifurcated proceeding relating to prior convictions is to prevent jurors deciding a defendant's guilt on unrelated charges from being informed of a prior criminal record by exposure to those prior convictions which have no relevance to guilt on present charges.

"The issue was directly addressed in *People* v. *Berutko* (1969) 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721], where the Supreme Court held a single waiver of jury trial will be deemed a defendant's consent to try *all* issues in the case before the court sitting without a jury, including prior conviction charges."

Following the *Berutko* rule, *Sandoval* held that even where the trial court had granted a bifurcation motion as to the prior felony convictions charged, the defendant's single jury trial waiver covered both the guilt and prior felony conviction aspects of the trial. (*Sandoval, supra,* 188 Cal.App.3d at pp. 1430-1431.)

We conclude that since the prior conviction is an element of the offense triable along with the principal offense, a defendant is not entitled to a *Bracamonte* bifurcation procedure. (*People* v. *Shippey, supra,* 168 Cal.App.3d 879, 890.) Accordingly, there was no error in accepting Johnson's plea of guilty without first advising him of the *Bracamonte* procedure as to the prior. (See also *People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1301-1302 [237 Cal.Rptr. 64].) Under *Sandoval* and *Berutko, supra,* Johnson's waiver is deemed to run to all issues in the case, including prior conviction charges.

*People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472], on which Johnson relies, is of no assistance to him. *Gallinger,* since overruled, did not involve a question of bifurcation. Rather, the defendant admitted

the prior petty theft and the court's concern was whether section 1025[7] was violated by informing the jury in a petty theft with a prior petty theft trial that the defendant has admitted the prior conviction of petty theft. *Gallinger* held "such prosecutions should be conducted *as if* the former misdemeanor conviction is not an element of the crime of felony." (*Id.* at p. 856, italics added.) This is not a holding that the prior petty theft is not an element of the section 666 charge. Rather, it is a rule of procedure accommodating section 1025 where the defendant admits the prior. (See also *People* v. *Sherren* (1979) 89 Cal.App.3d 752, 756-759 [152 Cal.Rptr. 828].)

Moreover, to the extent *Gallinger* could be read as holding the prior petty theft conviction is not an element of the felony charge, it was overruled by *People* v. *Hall* (1980) 28 Cal.3d 143, 157 [167 Cal.Rptr. 844, 616 P.2d 826] (held overruled on another point by Proposition 8 in *People* v. *Valentine, supra,* 42 Cal.3d 170, 181-182). Referring to the elements of both a section 12021 offense (ex-felon in possession of a concealable firearm) and a section 666 offense which we consider here, *Hall* states "the prior is an essential component of the felony." (*Id.* at p. 156.)

For purposes of a section 12021 case only, *Hall* applied the general principle of *Gallinger* that where the defendant admits the prior, the element of a prior conviction may not be given to the jury. (*Ibid.*) However, *Hall* expressly disapproved *Gallinger* to the extent it was inconsistent with the principles announced in *Hall.* (*Id.* at p. 156, fn. 8.) Any reading of *Gallinger* as saying the prior petty theft is not an element of the section 666 offense is inconsistent with the "essential component" statement in *Hall.* It is thus clear that *Hall* overruled *Gallinger* on this point.

## II

■ Consistent with the conclusion reached in part I, *ante,* the trial court is not required to separately give the *Boykin-Tahl* advice with respect to the prior conviction where before a guilty plea to a charge of petty theft with a prior petty theft under sections 484 and 666 the defendant is otherwise properly advised of his rights pursuant to *Boykin-Tahl* as to the entire charge. (Cf. *In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519

---

[7]Section 1025 reads, in part: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. . . . In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

P.2d 561], where separate admission of prior conviction, not principle charge, is involved.)

Here, Johnson was properly advised of his rights pursuant to *Boykin-Tahl* concerning the entire charge under sections 484 and 666.[8] Before entering his plea he also expressed his awareness the maximum penalty for this petty theft with a prior petty theft offense is three years in prison and a $10,000 fine, and if he were sentenced to prison he could be subject to parole for as much as 48 months. The same information was contained in the form entitled "Plea of Guilty/No Contest-Felony" which he said he read and signed. Johnson knew the consequences of his plea. (*In re Yurko, supra,* 10 Cal.3d 857, 864.)

It is clear this was not a case such as *People* v. *Shippey, supra,* 168 Cal.App.3d 879, where the defendant was not advised of his rights pursuant to *Boykin-Tahl* or the consequences of his admission of the prior petty theft conviction before going to trial on the principal petty theft charge. *Shippey* held this was error under *In re Yurko, supra* 10 Cal.3d 857, 864. *Shippey* could not find the error harmless, concluding it was reasonably probable the defendant might not have admitted the prior petty theft allegation had he been advised the admission would permit imposition of a three-year prison sentence. (*Id.* at pp. 889, 890.) Also, the record did not show he served time in custody for the prior petty theft conviction. (*Id.* at p. 890.) More important it was "unlikely that defendant knew or understood the formalities of his sentence with regard to the three prior convictions at the time of his admission of the prior petty theft *as prescribed in section 666.* Therefore, it is doubtful he knowledgeably admitted the truth of the allegation." (*Id.* at p. 890.)

Here, Johnson knew the consequences as well as the formalities of his sentence at the time he entered his plea. In addition, he acknowledged having served time in custody for the prior petty theft conviction.[9] Thus, the

---

[8] The charge against Johnson reads: "COUNT ONE: On or about November 11, 1986, PAUL LEE JOHNSON did unlawfully steal, misappropriate and fraudulently take the property of another, in violation of Penal Code section 484, thereby committing the crime of petty theft.

"And, it is further alleged that the defendant had previously been convicted of the crime of petty theft and had served a term therefor in a penal institution and been imprisoned therein as a condition of probation, within the meaning of Penal Code section 666."

[9] "Q. And do you admit that you were convicted in El Cajon Municipal Court in case C51889 on September the 5th, 1985?

"A. Yes.

"Q. And was that for petty theft?

"A. Yes, it was.

"Q. And did you serve some time in custody on that case?

"A. Yes.

"Q. And how much time did you serve?

"A. I think it was 30 days."

concerns expressed in *Shippey* about a knowledgeable plea are inapplicable to Johnson's case.

In any event, since Johnson was advised of his rights pursuant to *Boykin-Tahl* and knew the consequences of his plea of guilty to "petty theft with a prior," the single offense charged in the felony complaint, no further or separate admonition of his rights pursuant to *Boykin-Tahl* or of the consequences of his plea is required. Johnson's guilty plea after the advisement waived his rights with respect to the entire charge of petty theft with a prior theft conviction.

### DISPOSITION

Affirmed.

Work, Acting P. J., and Benke, J., concurred.