[No. S017682. Apr. 18, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT BOUZAS, Defendant and Appellant.

COUNSEL

Cliff Gardner, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland, Shirley A. Nelson and W. Scott Thorpe, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LUCAS, C. J.—We granted review to resolve a split of authority in the Courts of Appeal concerning whether a defendant charged under Penal Code section 666 (petty theft with a prior theft-related conviction)[1] may stipulate to a prior felony conviction allegation and thus preclude the jury from learning of that conviction. We conclude a defendant may so stipulate.

### I. *Facts and Procedure*

Lee, a pharmacist at a Thrifty Drug Store, and Romero, a clerk in the pharmacy department, noticed defendant standing near the store's pharmacy area for an unusual amount of time. Finally, they saw defendant enter an area of the pharmacy not open to the public and pick up a pack of 10 syringes. When told to stop, defendant replied he would pay for the syringes at the cash registers located at the front of the store, and proceeded in that direction. Romero told defendant he could not do so and that syringes must be purchased at the pharmacy, and proper documentation filled out. Defendant nevertheless walked toward the front of the store. Lee followed, but lost sight of defendant in the crowded store. Eventually he saw defendant climb over a chain barrier and walk out of the store without waiting in line at the checkout stand.

---

[1] All future section references are to this code unless otherwise indicated.

Velasquez, the store manager, having been alerted by Lee, followed defendant outside and asked him to stop. Defendant did so and denied taking any merchandise. He emptied the pockets of his shorts and pulled up his "tank top" shirt, exposing a carton of cigarettes that did not come from the drugstore. Defendant pulled out the waistband of his shorts so Velasquez could check for store merchandise, but the manager found no such item on defendant. Velasquez returned to the store and defendant went across the street to the local fairgrounds. Shortly thereafter he was arrested by the police (apparently for petty theft, § 484), who responded to a call from Romero. The store employees searched the route taken by defendant as he left the store, but never found the package of syringes.

Defendant was charged with, inter alia, petty theft with a prior theft-related conviction (§ 666), namely, robbery. Rejecting defendant's request that the court accept his stipulation to the prior felony conviction and thus preclude the jury from learning about it, the court permitted the prosecution to prove the conviction. The court "assumed" that result was compelled by the California Constitution, article I, section 28, subdivision (f), the second sentence of which provides, "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

Defendant did not testify. Through his attorney defendant claimed he brought the syringes to the front of the store intending to pay for them, but rather than waiting in the cashier line, he put the package down and walked out of the store.

The jury found defendant guilty of "petty theft with a prior conviction of theft, to wit, robbery." The court sentenced defendant to a two-year prison term.

The Court of Appeal affirmed, finding the trial court properly declined to allow defendant to stipulate to the prior felony conviction allegation under section 666. We granted review to resolve a split of authority on this issue in the Courts of Appeal. We reverse.

## II. *Analysis*

Section 666, enacted in 1872 as part of the original Penal Code, in its present form states: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, robbery or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by

imprisonment in the county jail not exceeding one year, or in the state prison."

Until 1976, section 666 addressed only misdemeanor theft-related prior convictions resulting in incarceration. It made a current conviction for "any crime" punishable as either a misdemeanor or a felony, if the defendant had been earlier convicted of and served time for petty larceny or petty theft. In that year, however, the Legislature rewrote section 666 and merged it with former section 667. Former section 667 was also originally enacted in 1872, and before its merger with section 666 made a current conviction for "petty theft" punishable as either a misdemeanor or a felony, if the defendant had been earlier convicted and served time for "any felony." As noted above, present section 666 combines the two former sections and provides that a defendant who has been convicted of and imprisoned for enumerated theft-related crimes (certain misdemeanors and felonies) and who is subsequently convicted of petty theft "is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." In other words, the court is given discretion to treat the offense as either a misdemeanor or a felony.

The cases construing the "prior theft conviction" provision of former section 666 disclose that the prior conviction requirement was for almost 100 years treated by the courts as a "sentencing factor" (as opposed to an "element" of an "offense") to which a defendant was entitled to stipulate and thereby keep from the jury. For example, in *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472], disapproved on other grounds in *People* v. *Hall* (1980) 28 Cal.3d 143, 156, footnote 7 [167 Cal.Rptr. 844, 616 P.2d 826] (see *post*, fn. 4), the court stated, "it has been held, in effect, in prosecutions for petty theft with a prior conviction of petty theft, that *the fact of the former conviction is not an element of the crime.*" (212 Cal.App.2d at p. 855, italics added.) Accordingly, the *Gallinger* court observed, under sections 1025 and 1093, if a defendant admits such a prior conviction resulting in incarceration, the fact of the prior conviction and incarceration must not be disclosed to the jury:

"[S]ection 1025 of the Penal Code provides in material part that if a prior conviction is alleged, the defendant must be asked whether he admits or denies it, and *if he admits it, the matter may not be alluded to in the* trial.[2] If

---

[2]Section 1025 provides: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court . . . . If he answers that he has not, . . . the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. . . . In case the defendant pleads not guilty, and answers that he has suffered the previous

he denies it, the court or the jury must find whether the allegation is true or false. (Pen. Code, § 1158.)

"Section 1093 requires that the clerk read the information, but if a prior conviction is alleged [and admitted] he must omit reading that allegation . . . .[3]

"In many cases, . . . prior convictions are alleged which are wholly unrelated to the crime for which the defendant is on trial, such as burglary with a prior conviction of burglary. In such cases it is invariably held that if the defendant is questioned pursuant to section 1025 with respect to the prior felony conviction and admits it, the jury must not be permitted to learn of it [except through impeachment if the defendant testifies] [citations]; and even then the jury must be told to consider the matter of the former felony conviction only as it may affect the credibility of the defendant.

"Upon the other hand, if the former conviction is an element of the offense for which the defendant is being tried, as in a prosecution under section 12021 of the Penal Code, which makes it a felony for an exconvict to be in possession of a firearm, the prior conviction, as well as the possession of the firearm, must be proved and determined by the court or jury. The defendant cannot, by admitting the felony conviction out of the presence of the jury, avoid proof of the fact as evidence for consideration of the jury. [Citation.] ▉ ▉▉▉▉ In such cases sections 1025 and 1093 can have no application, since whenever the fact of a felony conviction is an element of the offense the defendant could never be convicted without evidence before the trier of fact that the conviction had been suffered." (212 Cal.App.2d at pp. 854-855, italics added.)[4]

The *Gallinger* court determined the trial court erred by instructing the jury, despite the defendant's stipulation, that defendant had been previously convicted of petty theft: "When the information alleges prior convictions

conviction, the charge of the previous conviction must not be read to the jury, or alluded to at trial."

[3] Section 1093, subdivision (a), provides: "If the accusatory pleading be for a felony, the clerk shall read it, and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction. . . ."

[4] As explained below, this paragraph's dictum was "disapproved" in *Hall*, but *Hall* was itself subsequently abrogated by amendment of California Constitution, article I, section 28, subdivision (f), second sentence. (See, *post*, p. 476.) Consequently, the above quoted paragraph remains a correct statement of the law, insofar as it asserts that a defendant may not stipulate to a prior felony conviction when that conviction is an element of a later felony charge.

unrelated to the crime for which the defendant is on trial, proof of the former convictions is *irrelevant* to the question of guilt of the latter offense . . . [and regardless whether the prior conviction is admitted, or denied but found true,] *the fact goes only to the matter of punishment that may be imposed*." (212 Cal.App.2d at p. 855, italics added.) As noted above, *Gallinger* concluded, "*the fact of the former conviction is not an element* of the crime." (*Ibid.*, italics added.)

Numerous other cases, beginning with our own in 1881, have long held the same, and have treated the prior conviction under former section 666 as a sentencing factor for the court, and not as an "element" of an offense to be determined by a jury. (See *People* v. *Carlton* (1881) 57 Cal. 559, 560 [court erred under § 1093 by allowing jury to hear evidence of prior conviction after defendant admitted the charge]; *People* v. *Meyer* (1887) 73 Cal. 548, 549 [15 P. 95] ["When the previous conviction is confessed, the jury has nothing to do with it."]; *People* v. *Oppenheimer* (1909) 156 Cal. 733, 738 [106 P. 74] [described below]; *People* v. *Hobbs* (1940) 37 Cal.App.2d 8, 9-10 [98 P.2d 775] [finding error under §§ 1025 & 1093]; *People* v. *Cooks* (1965) 235 Cal.App.2d 6, 12 [44 Cal.Rptr. 819] ["In a prosecution for petit theft with a prior petit theft, defendant is entitled to confess the prior outside the presence of the jury and thereby eliminate it as an issue."].)

The cases construing the "prior felony" provision of former section 667 are in accord. Many cases observed that an allegation under former sections 666 and 667 of a prior conviction and incarceration is a sentencing factor for the court and not a matter for the jury to consider in relation to the present offense on which the defendant is being tried. For example, in *People* v. *Jeffries* (1941) 47 Cal.App.2d 801, 806 [119 P.2d 190], a prosecution for grand theft, the court stated that the prior conviction allegation "is not for the purpose of evidence as to the commission of the offense upon which the defendant is to be tried, but for the information of the court in determining the punishment to be imposed in case of conviction. This is clearly shown by sections 666 and 667 of the Penal Code." We subsequently echoed the same point in an opinion by Justice Traynor, in which we noted that under former sections 666 and 667, "[a] previous conviction is charged . . . solely for the information of the court . . . in determining the punishment to be imposed in case of conviction." (*People* v. *Peete* (1946) 28 Cal.2d 306, 319-320 [169 P.2d 924]; accord, *People* v. *Cole* (1957) 148 Cal.App.2d 25, 29 [306 P.2d 49] [following *Jeffries, supra*, 47 Cal.App.2d 801]; see also *People* v. *Brashear* (1969) 271 Cal.App.2d 306, 311 [76 Cal.Rptr. 485]; *People* v. *Prince* (1968) 268 Cal.App.2d 398, 413-414 [74 Cal.Rptr. 197]; *People* v. *Fairchild* (1967) 254 Cal.App.2d 831, 837-838 [62 Cal.Rptr. 535].)

In addition, many cases stand for the proposition that the prior conviction and incarceration provision of former section 667 does not constitute

an "element" of that "offense." Over 80 years ago, for example, in *People* v. *Oppenheimer, supra*, 156 Cal. 733, we addressed a claim that a defendant, charged with assault with a deadly weapon by a person serving a life sentence, had a right to "admit" he was serving a life sentence and preclude the jury from learning of that fact. We rejected the claim, noting that the life sentence status was "essential" to the "public offense" that was charged, and that contrary to the defendant's view, sections 1025 and 1093 *"have reference exclusively to those cases where a previous conviction of some other and distinct offense is alleged for the purpose of enabling the court to impose a greater punishment than is authorized for the offense charged when there is no prior conviction (see Pen. Code, secs. 666, 667 . . .), and can have no application where the fact of the prior conviction is an essential element of the offense charged."* (*Id.*, at p. 738, italics added.)

The clear import of *Oppenheimer* (*supra*, 156 Cal. 733) is that a prior conviction is not an "element" of a violation of former sections 666 or 667, as that term is used in defining offenses that must be proved to a jury. Other courts applying former section 667 expressly recognized the same point. (*People* v. *Spearman* (1969) 1 Cal.App.3d 898, 901 [82 Cal.Rptr. 277] ["It is generally accepted that the establishment of the prior [under former section 667] does not make up an independent element of a two-component crime (such as felon-in-possession-of-firearm) but rather bears on the punishment to be imposed in case of a finding of guilty of the petty theft charge."]; *People* v. *Pierson* (1969) 273 Cal.App.2d 130, 132 [77 Cal.Rptr. 888] ["it is well settled in this state that in a prosecution for petty theft with a prior conviction of a felony, the fact of the former conviction is not an element of the crime, but a penalty-increasing device"]; see also *People* v. *Pimental* (1970) 6 Cal.App.3d 729, 735-736 [86 Cal.Rptr. 169] [following *Pierson, supra*]; *People* v. *Hudgins* (1943) 59 Cal.App.2d 175, 182-183 [138 P.2d 311] [following *Oppenheimer, supra*, concluding that a prior conviction is not an "element" of subsequent charges, the sentences of which are enhanced by prior convictions]; *People* v. *Schunke* (1941) 47 Cal.App.2d 542, 544 [118 P.2d 314] [same].)[5]

 It is thus clear that in 1976, when the Legislature revised and merged former sections 666 and 667 into the present version of section 666, the case law dating back almost 100 years held, in the words of *Spearman, supra*, 1 Cal.App.3d at page 901, that establishment of a prior conviction

---

[5] *Schunke* and *Hudgins* both held that a defendant charged with a crime for which a prior conviction is an element of the present charge, may not preclude the jury from learning of the prior by admitting it. Both cases, and many others announcing the same holdings, were disapproved in *Hall, supra*, 28 Cal.3d at page 156, footnote 8. But, as we explain below, this aspect of *Hall* in turn has been abrogated by constitutional amendment; accordingly, this aspect of the holdings of *Schunke* and *Hudgins* has been revived after a few years of slumber.

and incarceration under these sections "does not make up an independent element of a two-component crime (such as felon-in-possession-of-firearm) but rather bears on the punishment to be imposed in case of a finding of guilty of the petty theft charge." Accordingly, under then-existing and well-established statutory and case law, a defendant who admitted the prior conviction and incarceration allegation could thereby preclude the jury from learning of that fact.

■ When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute. (See, e.g., *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345, 353 [211 Cal.Rptr. 742, 696 P.2d 134], and cases cited.) ■ The Legislature amended former sections 666 and 667 at least 10 times between 1903 and 1976 without altering the courts' consistent interpretation of the "prior conviction" provisions as being sentencing factors to which a defendant could stipulate, rather than "elements" of "offenses" that must be proved to the jury even if the defendant offers to stipulate. Thereafter the Legislature rewrote both sections and merged them into one, again without disclosing any intent to alter the above described judicial interpretation of both sections. In these circumstances, and in the absence of any evidence to the contrary, we are compelled to conclude that the Legislature acquiesced in and ratified the judicial interpretation of the prior versions of former sections 666 and 667, and intended that the present version of section 666 receive a like interpretation.

Our historical review does not end here, however; rather, it becomes more complicated. As explained below, dicta in two cases not directly involving the present version of section 666 has led to two lines of conflicting decisions of the Courts of Appeal, both ignoring the above described judicial and legislative history, and treating the prior conviction and incarceration requirement of section 666 as an "element" of that statute. As we also explain below, we disapprove those decisions and reaffirm the established view that the prior conviction and incarceration provision of section 666 is a sentencing factor for the consideration of the court, and is not an "element" of an "offense" that must be proved to the trier of fact if the defendant stipulates to the prior conviction.

In *People* v. *Sherren* (1979) 89 Cal.App.3d 752 [152 Cal.Rptr. 828], the Court of Appeal addressed whether a defendant charged under section 12021 (ex-felon in possession of concealable firearm) may stipulate to his ex-felon status and thereby keep that information from the jury. *Sherren* declined to follow the established line of Court of Appeal decisions drawing a

distinction between (i) statutes creating offenses of which a prior conviction or legal status is an "element" (e.g., § 12021) and (ii) statutes providing for enhancement of a defendant's sentence for a present offense if it is established that he has a qualifying prior conviction (e.g., § 666). *Sherren* baldly asserted—citing *Gallinger, supra,* 212 Cal.App.2d 851, but failing to adequately analyze or address the numerous other cases set out above—that a prior conviction under section 666 was just as much an "element" of that statute as is ex-felon status under section 12021, and that if a defendant is allowed to stipulate to a prior conviction under section 666, there is "no legal distinction" that should preclude him from being able to do the same under section 12021. (*Sherren, supra,* 89 Cal.App.3d at p. 758.) Legal symmetry, the court implied, also required recharacterization of the related section 666 statutory violation. Accordingly, it asserted in dictum that "the prior conviction in a section 666 prosecution is an element of the offense . . . ." (89 Cal.App.3d at p. 759.)

One year later, in *People v. Hall, supra,* 28 Cal.3d 143, we embraced the *Sherren* result, but phrased our analysis in language that did not directly adopt *Sherren*'s characterization of section 666. In dictum, we stated: "This court is persuaded by the reasoning of *People v. Sherren, supra,* . . . that the willingness of a defendant to admit a prior felony conviction in the context of a section 12021 trial is logically indistinguishable from cases permitting an accused to admit a prior petty theft while on trial for felony petty theft with a prior conviction (see § 666). In the latter case, a petty theft may be charged as a felony if a defendant has been previously convicted of one of several enumerated crimes. If the defendant admits the prior conviction, the jury does not learn that it is part of the present petty theft charge. (See *People v. Gallinger* [, *supra,*] 212 Cal.App.2d 851.) A valid distinction cannot be drawn between the felony petty theft situation and the present case. In each instance, the prior is an *essential component* of the felony. . . ." (*Hall, supra,* 28 Cal.3d at pp. 155-156, italics added.)

Two years later the voters enacted a state constitutional amendment designed to, among other things, abrogate *Hall*'s holding allowing a defendant charged under section 12021 to admit the prior felony and thereby withhold the fact of his ex-felony status from the jury. As noted above, the second sentence of article I, section 28, subdivision (f) now provides, "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Hereafter subdivision (f).)

We subsequently held in *People v. Valentine* (1986) 42 Cal.3d 170, 181 [228 Cal.Rptr. 25, 720 P.2d 913], that the second sentence of subdivision (f) in fact abrogated *Hall* (*supra,* 28 Cal.3d 143) and that a defendant charged under section 12021 with being an ex-felon in possession of a concealable

firearm may not preclude the jury from learning the fact of his ex-felon status. Recognizing, however, that a conflict had recently developed in the Court of Appeal on the proper interpretation of section 666 under the second sentence of subdivision (f), we expressly left open the question of the effect of subdivision (f) on petty theft cases tried pursuant to section 666. (42 Cal.3d at fn. 6, citing *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 381 [210 Cal.Rptr. 527] [despite subd. (f), defendant may stipulate to felony under § 666], and *People* v. *Callegri* (1984) 154 Cal.App.3d 856, 867-867 [202 Cal.Rptr. 109] [subd. (f) precludes defendant from stipulating to prior felony under § 666].) Since then, numerous appellate court decisions interpreting section 666 have embraced the *Callegri* view (*People* v. *Bennett* (1987) 188 Cal.App.3d 911, 915 [233 Cal.Rptr. 729]; *People* v. *Johnson* (1988) 199 Cal.App.3d 868, 871-873 [245 Cal.Rptr. 242]; *People* v. *Church* (1989) 215 Cal.App.3d 1151, 1159-1161 [264 Cal.Rptr. 49]), as have other decisions interpreting similar "enhancement" statutes. (E.g., *People* v. *Hucks* (1990) 217 Cal.App.3d 260, 264-269 [266 Cal.Rptr. 169] [interpreting § 314, subd. 1 (indecent exposure with a prior conviction)].)

When subdivision (f) abrogated *Hall*'s holding, it also caused the appellate courts to focus on *Hall*'s (and *Sherren*'s) dicta concerning the nature of section 666. The various districts and divisions of the Court of Appeal apparently believed that *Hall*'s use of the phrase "essential component" to describe prior convictions under section 666 was intended to signal that the prior conviction requirement under section 666 is an "element" of a section 666 "offense."[6] Evidently feeling compelled to approach the issue from that perspective, the various districts and divisions of the Court of Appeal thereafter focused their respective analyses on the type of showing necessary to satisfy the asserted prior conviction "element" of section 666.

The *Callegri/Bennett* line of cases reasons that the prior conviction "element" requires a showing that the defendant has been previously convicted of a *particular* theft-related prior offense (e.g., "defendant has previously been convicted of and imprisoned for robbery"). Under this view, a defendant with a prior robbery (i.e., felony) conviction may not preclude the jury from learning of the prior by stipulating to it because the second sentence of subdivision (f) requires *felony* priors that are "elements" of a "felony offense" be proved to the jury. By contrast, *Ancira* reasons that the prior conviction "element" requires a showing that the defendant has been previously convicted of *one* of the enumerated theft-related offenses (e.g., "defendant has previously been convicted of and imprisoned for a theft-related offense"). Under this view, a defendant with a prior robbery

---

[6] Two courts expressly concluded that *Hall, supra,* 28 Cal.3d 143, "overruled" *Gallinger, supra,* 212 Cal.App.2d 851, on this point. (*Hucks, supra,* 217 Cal.App.3d 260, 266-267; *Johnson, supra,* 199 Cal.App.3d 868, 873; see also *Ancira, supra,* 164 Cal.App.3d 378, 381, fn. 1.)

conviction may preclude the jury from learning of the nature of the prior conviction by stipulating to it, because the second sentence of subdivision (f) requires only that a "prior felony conviction" that is an *"element"* of a "felony offense" be proved to the jury, and under section 666 the "element" to be proved is a "prior theft-related conviction," not a "prior felony conviction."

We need not decide which line of cases best implements section 666's asserted "element" requirement; instead we reexamine the dicta that underlie the assumption in the recent Court of Appeal decisions that the prior conviction requirement of section 666 is an "element" of a "felony offense."

As noted above, neither *Hall, supra,* 28 Cal.3d 143, nor *Sherren, supra,* 89 Cal.App.3d 752, involved interpretation of section 666. When we held in *Valentine, supra,* 42 Cal.3d 170, that subdivision (f) overturned *Hall's* holding on the ex-felon element of section 12021, we expressly noted the developing split of authority in the Court of Appeal concerning the effect of the second sentence of subdivision (f) on section 666 and purposefully declined to comment on those conflicting cases because the issue was not then pending before us.

Now that the issue is presented, we reject the *Hall/Sherren* dicta suggesting that the prior conviction requirement of section 666 is an "element" of a section 666 "offense." We adhere instead to the analysis of the numerous cases cited above, decided under former sections 666 and 667 before *Hall* (*supra,* 28 Cal.3d 143) and *Sherren* (*supra,* 89 Cal.App.3d 752). We are persuaded by these cases that the prior conviction requirement of section 666 is a sentencing matter for the trial court and not an "element" of a section 666 "offense" that must be determined by a jury. Various factors supporting the former decisions were simply ignored by *Hall* and *Sherren*.

Section 666 is—and has been since 1872—part of title 16 of the Penal Code, which is directed primarily to sentencing and punishment matters, to the exclusion of statutes defining substantive crimes (see *Cooks, supra,* 235 Cal.App.2d at p. 10 [history of former §§ 666 & 667]). This supports our conclusion that the Legislature has long intended that section 666 establishes a penalty, not a substantive "offense."

The language of section 666 affirms this view. It is structured to enhance the punishment for violation of other defined crimes and not to define an offense in the first instance. It simply refers to other substantive offenses defined elsewhere in the Penal and Vehicle Codes and provides that if a defendant has previously been convicted of and imprisoned for any of these theft-related offenses, and thereafter commits petty theft (defined in section

484), the defendant is subject to punishment enhanced over that which would apply following a "first time" petty theft conviction.

In other words, a charge under section 666 merely puts a defendant on notice (see § 969 [prior convictions must be alleged in the information]) that if he is convicted of the substantive offense and if the prior conviction and incarceration allegation of section 666 is admitted or found true, he faces enhanced punishment at the time of sentencing. We conclude that, on its face, section 666 is a sentence-enhancing statute, not a substantive "offense" statute.

Finally, contrary to assertions in *Hall, supra,* and *Sherren, supra,* that there exists no "logical" basis to treat differently (i) the fact of a "prior conviction" under section 666 and (ii) the fact of "ex-felon status" under section 12021 (and to classify the former as a sentencing factor and the latter as an element of a crime), the basis for the distinction has been long recognized in the jurisprudence of this state. Numerous decisions note that when a prior conviction (or similar legal-status factor) is an element of a substantive offense, failure to require a jury determination on that element may improperly impair the People's ability to prove and secure legitimate convictions of those offenses. (*People* v. *Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710] ["A prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case . . . ."].) For example, allowing a defendant who has been charged under section 12021 (ex-felon in possession of concealable firearm) to admit his ex-felon status and thereby keep that information from the jury would undoubtedly impair the prosecution's ability to secure a conviction. (E.g., *People* v. *Forrester* (1931) 116 Cal.App. 240, 242 [2 P.2d 558].) As the People observed in *Sherren, supra,* "ask[ing] 'a jury to find someone guilty of possession of a handgun is considerably different [from] asking [it] to find a felon guilty of possession of a handgun.' " (*Sherren, supra,* 89 Cal.App.3d at p. 759.)

Prosecutions for petty theft under section 484, with sentence enhancements under section 666, are indeed "logically distinguishable" (*Hall, supra,* 28 Cal.3d at p. 155) from the section 12021 situation described above. Although it is quite possible that a jury that does not hear evidence of ex-felon status in a section 12021 prosecution might "rebel and exercise its 'naked power' to acquit because [it] might not believe that possessing a concealable firearm should be criminal" (*Hall, supra,* 28 Cal.3d at p. 154), a jury that is called on to decide whether a petty theft has been committed faces no similar "logical" problem. Contrary to the People's claim, such a jury need not know that the defendant has been incarcerated for a prior

theft-related offense in order to decide the question before it, namely, whether the defendant has committed the essential elements of the substantive crime of petty theft. (See *People* v. *Jaquish* (1966) 244 Cal.App.2d 444, 450 [53 Cal.Rptr. 123] [purpose of allowing defendant to stipulate to prior conviction under § 1025 "is to ensure that the trier of fact . . . will not be prejudicially influenced in determining guilt on the specific charge upon which a defendant is brought into court"].)

We therefore conclude that the prior conviction and incarceration requirement of section 666 is a sentencing factor for the trial court and not an "element" of the section 666 "offense" that must be determined by a jury. By its own terms, subdivision (f)'s mandate (that a "prior felony conviction" that is an "element" of a "felony offense" be proved to a jury) applies only when a prior felony conviction is an "element" of a later "felony offense." Under established case law discussed above applying sections 666, 1025, and 1093, defendant had a right to stipulate to the prior conviction and incarceration and thereby preclude the jury from learning of the fact of his prior conviction.

As we held in *People* v. *Rolon* (1967) 66 Cal.2d 690, 693 [58 Cal.Rptr. 596, 427 P.2d 196], " '[s]ection 1025 represents a fundamental declaration of public policy, and its provisions when relevant must be scrupulously observed by all prosecuting attorneys.' " Nothing in the language or history of the second sentence of subdivision (f) suggests the drafters or the voters contemplated abrogation of this well-established rule in section 666 cases. ■ Defendant observes we recently addressed a similar situation in *People* v. *Siko* (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294], in which we stated: "As a general rule of statutory construction, of course, repeal by implication is disfavored. . . . *Such repeal is particularly disfavored when, as here, the statute allegedly repealed expresses a legal principle that has been part of our penal jurisprudence for over a century. . . .*" (Italics added.)

■ The preference against repeal by implication applies here as well. The People apparently concede as much; although they respond to each of defendant's other arguments, they simply ignored this point in their brief and at oral argument. As in *Siko*, we believe that had the drafters of subdivision (f) intended to overturn the century-old ban of section 1025 in cases in which it had long applied, they "would have made that purpose explicit." (45 Cal.3d at p. 824; see also *id.*, at p. 828 (Eagleson, J., conc.).) We conclude the trial court erred in allowing the prosecutor, over defendant's objection, to present to the jury evidence of defendant's prior conviction.

### III. *Prejudice*

The People claim the error was harmless under *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243]. They emphasize that defendant appeared to "case" the pharmacy for some time, and that he took the package of syringes from a secured area. They note that the package was not found along the route taken by defendant as he made his way toward the front of the store, and speculate that defendant, knowing he was being followed, must have abandoned the package in a trash can located just outside the store when he departed. There is no evidence, however, that the package of syringes was abandoned in the trash can. Velasquez, when asked if he searched the trash can, testified, "I don't remember. I don't think I did . . . ." The evidence of defendant's guilt is not strong.

Against this, defendant's claim—that he took the syringes from the controlled area intending to pay for them at the front register, but discarded them inside the store rather than wait in the checkout line—is not implausible. On these facts, we believe a reasonable jury would view the commission of petty theft as a close question.

There can be little doubt, however, that when the jury erroneously learned defendant was previously convicted of robbery, a verdict of guilt on petty theft became significantly more probable. We conclude there is a reasonable probability of a different verdict had the jury not been informed of defendant's prior robbery conviction. (*Watson, supra,* 46 Cal.2d at pp. 836-837.)

### IV. *Disposition*

The judgment of the Court of Appeal is reversed. The matter is remanded for proceedings consistent with this opinion.

Mosk, J., Broussard, J., Panelli, J., Kennard, J., Arabian, J., and Baxter, J., concurred.