Filed 10/6/14  P. v. Carroll CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C070466 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 11-1155) |
| v. | |
| TIMOTHY FRANCIS CARROLL, | |
| Defendant and Appellant. | |

Following a bifurcated jury and court trial, defendant Timothy Francis Carroll was found guilty of petty theft with a prior in violation of Penal Code sections 484, subdivision (a), 490.5, subdivision (a), and 666, subdivision (a).  (Statutory references that follow are to the Penal Code.)  At issue here is his conviction under section 666, subdivision (a), which provides in part that every person who is convicted of petty theft following three prior burglary convictions for which the person was incarcerated may be imprisoned in the county jail not exceeding one year, or in the state prison.  (§ 666, subd. (a).)

1

Although defendant admitted the three prior burglary convictions for purposes of section 666 so that the jury would not learn of the convictions, he now contends on appeal that he did not admit that he served time for those prior convictions.  Without such an admission, defendant argues, the prosecution failed to prove all of section 666's elements, and, thus, his felony conviction under section 666, subdivision (a), should be modified to reflect a misdemeanor petty theft conviction only.

Defendant further contends the trial court abused its discretion in denying his motion to strike his prior serious or violent felony conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We do not find merit in either of defendant's contentions on appeal and therefore affirm the judgment.

FACTS AND PROCEEDINGS

A.    Theft Citation

On January 15, 2011, defendant was shopping at a Wal-Mart store in West Sacramento.  He was apprehended by a Wal-Mart loss prevention officer after he attempted to leave the store without paying for various items he had placed in a backpack that was located in his cart.

Defendant put two cans of spray paint as well as bike lights in the child seat of a shopping cart near an empty backpack.  After observing defendant with the items and the empty backpack, the loss prevention officer followed defendant to the store's grocery area.  Defendant placed several food items and some toilet paper in the cart.  Defendant loaded the paint, bike lights, and toilet paper into the backpack.  He then put the backpack on and proceeded to the checkout stand.

Defendant purchased the food items, but failed to pay for the items in the backpack.  The loss prevention officer took defendant to the security office and recovered the items in the backpack, the prices of which totaled $79.60.

2

Police were sent to the Wal-Mart store where an officer issued defendant a citation for theft. Defendant told the officer that he had messed up and that he had intended to buy groceries but couldn't afford the other items so he put them in his backpack and left without paying for them.

B.     Bifurcated Trial Proceedings

An amended information charged defendant in count 1 with felony petty theft in violation of sections 484, subdivision (a), 490.5, subdivision (a), and 666, subdivision (a). The amended information alleged defendant had suffered three prior felony burglary convictions for purposes of section 666. The information also contained four enhancement allegations--three prior prison terms pursuant to section 667.5, subdivision (b) [enhancements b through d], and a prior serious felony conviction within the meaning of section 667, subdivision (e)(1) and listed in sections 667.5, subdivision (c) and 1192.7, subdivision (a) [enhancement a].

The court granted defendant's requests to bifurcate the proceedings and for a court trial on the four enhancement allegations. Prior to the jury trial, defendant admitted that he had suffered the three prior burglary convictions as alleged in count 1 so that the jury was told only that defendant was charged with petty theft and not petty theft with a prior. The jury convicted defendant of petty theft pursuant to sections 484, subdivision (a) and 490.5, subdivision (a).

After the jury was dismissed, the court and counsel discussed when to conduct the bifurcated court trial. Defense counsel reiterated that defendant was only requesting a court trial on the enhancements and not on the three prior burglary convictions alleged in count 1 as defendant had already admitted those for purposes of section 666. Based on the jury's verdict and defendant's admissions, the court determined that defendant had been convicted of petty theft with a prior under section 666.

3

At the court trial on the enhancements, the court, prosecution, and defense counsel all confirmed their understanding that defendant had admitted the prior theft convictions for purposes of section 666 and that he stood convicted of felony petty theft with a prior under that statute. The court found all four enhancements true. After denying defendant's *Romero* motion to strike his prior serious or violent felony conviction for purposes of the three strikes law, the court sentenced defendant to seven years, consisting of the middle term of two years on the petty theft with a prior conviction, doubled for the enhancement under section 667, subdivision (c) and section 667 subdivision (e)(1), plus three consecutive years for the prior prison term enhancements under section 667.5, subdivision (b).

DISCUSSION

I

*Penal Code Section 666 Conviction*

Defendant argues there was insufficient evidence to support his conviction under section 666, subdivision (a). While defendant admits he stipulated to the three prior theft convictions alleged in count 1, he claims he did not stipulate that he had been *imprisoned* for those convictions. Because subdivision (a) of section 666 requires both that the individual have three prior theft convictions and that the person served a term in a penal institution as a result for those convictions, he says the prosecution failed to prove felony petty theft with a prior under section 666. The record belies his argument.

To determine whether there is substantial evidence to support a conviction, we view the record in a light most favorable to the People, resolving all conflicts in the evidence and drawing all reasonable inferences in support of the conviction. (*People v. Campbell* (1994) 25 Cal.App.4th 402, 408.) When viewed in this manner, the record contains substantial evidence supporting defendant's section 666, subdivision (a) conviction.

4

Section 666, subdivision (a), provides in relevant part: "Notwithstanding Section 490, every person who, having been convicted three or more times of petty theft . . . burglary . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in a county jail not exceeding one year, or imprisonment pursuant to subdivision (h) of Section 1170." (§ 666, subd. (a).)

"[O]n its face, section 666 is a sentence-enhancing statute, not a substantive 'offense' statute." (*People v. Bouzas* (1991) 53 Cal.3d 467, 479.) Thus, "the prior conviction and incarceration requirement of section 666 is a sentencing factor for the trial court and not an 'element' of the section 666 'offense' that must be determined by a jury." (*Id.* at p. 480.) A defendant has "a right to stipulate to the prior conviction and incarceration and thereby preclude the jury from learning of the fact of his prior conviction." (*Ibid.*) That is what defendant did here.

On the first day of the jury trial, defendant admitted that he suffered the three prior convictions alleged in count 1. The purpose of defendant's admission was to preclude the jury from hearing about those convictions and so that the jury would only be told that he was charged with petty theft and not petty theft with a prior. The court accepted defendant's admission and waiver of the right to have a jury decide whether he had been convicted of the three prior thefts alleged in count 1 of the amended information.

In discussing how to proceed on the bifurcated court trial after the jury convicted defendant on the petty theft charge under sections 484, subdivision (a) and 490.5, subdivision (a), the prosecutor asked to clarify whether defendant was "admitting the priors that go to Count 1 to make it a 666." The trial court responded that he understood that defendant had originally intended to admit the priors alleged in count 1, but that now defendant requested the court decide those as well as the enhancements in the bifurcated court trial. In response, the prosecutor stated she had misunderstood because she "thought he was admitting those for purposes of the 666."

5

The court then questioned defense counsel as to whether defendant was admitting the three prior thefts listed in count 1 for purposes of section 666. Defense counsel responded, "[h]e's admitting that he has suffered three theft-related convictions within the meaning of 666; however, also alleged as enhancements are prison priors and the identification of one of those as coming within the meaning of [section] 667(e)(1), which is something he requests the Court to make a determination on."

Based on defense counsel's response, the court then clarified its understanding that "Mr. Carroll admits the priors for purposes of count 1. The jury has found him guilty of petty theft, and Mr. Carroll admits the prior convictions for purposes of count 1 only; however, he wishes a court trial requiring the People to prove the four case enhancements." Defendant and his counsel each confirmed that the court's understanding that defendant had admitted the three prior theft convictions within the meaning of 666 was correct, and that "count 1 [was] done."

Before concluding the court session, the trial court again stated, "It's understood that all the issues related to count 1 are done based on the jury verdict and Mr. Carroll's admission. He is--he stands convicted of petty theft with a prior conviction." Neither defendant nor his counsel objected to the parties' "understanding" as characterized by the court.

At the subsequent court trial on the enhancements, the prosecutor stated: "I would just indicate for clarification that, last time, my understanding is that the defendant admitted to the three prior thefts, which would make this a 666 felony as opposed to the 484 that the jury convicted him of, and, so, currently, he stands convicted [of] a 666, and that the People's burden today is to establish evidence to show Case Enhancement A, B, C, and D." The court asked defense counsel whether that was his understanding as well, and defense counsel responded that it was. The court then stated that was also its understanding.

6

The above exchanges between the court, counsel, and defendant make clear that defendant admitted to his three prior theft convictions "within the meaning of 666." By so admitting, defendant stipulated that his three prior convictions met all the requirements of that statute, including service of a period of incarceration. (§ 666, subd. (a).)

Defendant did not disagree with the court's characterization that "count 1 [was] done." Had defendant admitted the prior theft convictions for purposes of section 666's conviction element only, as he now argues on appeal, count 1 would not have been "done." Yet defendant's failure to disagree with the court's observation that count 1 was "done" strongly suggests that he saw the matter that way as well and not the way he characterizes it on appeal.

When viewed in the light most favorable to the judgment, the evidence reasonably indicates that defendant admitted he had suffered three prior theft convictions for which he had been imprisoned within the meaning of section 666, subdivision (a). His conviction for felony petty theft with a prior was proper.

II

*Denial of Romero Request*

Defendant contends the trial court abused its discretion by failing to strike defendant's prior serious or violent felony conviction pursuant to *Romero*. (*Romero, supra,* 13 Cal.4th 497.) Finding no abuse of discretion, we disagree.

A trial court has discretion to strike a prior serious felony conviction only if the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) In deciding whether to

7

strike a prior conviction, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams,* at p. 161.)

The trial court's "failure to . . . strike a prior [felony] conviction allegation is subject to review under the deferential abuse of discretion standard." (*Carmony, supra,* 33 Cal.4th at p. 374.) A trial court abuses its discretion when it refuses to strike a prior felony conviction only in limited circumstances, such as where the court is unaware of its discretion to dismiss or considers impermissible factors in refusing to dismiss, or if the sentencing norm under the three strikes law leads, as a matter of law, to an arbitrary, capricious, or patently absurd result under the circumstances of the individual case. (*Id.* at p. 378.) It is not sufficient to show that reasonable people might disagree about whether to strike a prior conviction. (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

We find the trial court did not abuse its discretion in refusing to strike defendant's prior conviction. In ruling on defendant's *Romero* motion, the court stated it had considered the probation report as well as reviewed counsels' written briefs laying out the various factors to consider under *Romero*. The court also considered a letter written by defendant. The court refused to disregard the strike prior, concluding defendant did not fall outside the spirit of the three strikes law. After considering defendant's lengthy criminal history, the court ruled defendant's nearly unbroken chain of criminality warranted denying the motion.

It is plain the court was aware of its discretion and did not use any impermissible factor in reaching its decision. Nor can we say that following the sentencing norms

established by the three strikes law led, in this matter, to a result that was arbitrary, capricious, or patently absurd given defendant's extensive criminal history. Defendant fell squarely within the ambit of the three strikes law as it then existed, and the trial court's decision against striking the prior conviction for purposes of sentencing was well within its discretion.

Defendant's contention that the trial court may have been misinformed about the felony or misdemeanor status of one of defendant's numerous prior convictions does not convince us otherwise. During the hearing on defendant's *Romero* motion, the trial court did not specifically reference the 2011 Sacramento County conviction of which defendant complains. Instead, the court focused on the totality of defendant's criminal history, stating: "Well, I must tell you in many ways this is difficult, but, Mr. Carroll, the problem we face is your history. I have rarely seen such a history: Page after page after page of criminal conduct." Even assuming, without deciding, that the 2011 Sacramento County conviction was a misdemeanor, we cannot say on this record that the trial court was laboring under any misunderstanding regarding defendant's nearly 25-year criminal history, which essentially continued unbroken from 1987 until he was arrested in 2011 on the charges of which he was convicted in this case.

DISPOSITION

The judgment is affirmed.

         HULL         , Acting P. J.

We concur:

     ROBIE      , J.

     MURRAY    , J.