[No. A050862. First Dist., Div. Five. Sept. 19, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WESLEY YOUNG, Defendant and Appellant.

COUNSEL

Cecil L. McGriff, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**LOW, P. J.**—Robert Wesley Young was convicted of illegal taking or driving of a vehicle, with a prior conviction for the same offense. (Veh. Code, § 10851; Pen. Code, § 666.5.) A prior prison term enhancement (Pen. Code, § 667.5) based on the same prior conviction was also found true. Although bifurcation of trial on the prison term prior had been granted, and defendant had stipulated to the prior conviction of illegal driving or taking, the jury was, over defense objection, informed of the prior conviction.

Following *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076], which interpreted a similarly worded statute, Penal Code section 666, we hold that Penal Code section 666.5 provides for enhancement of the sentence rather than defining a new offense. Consequently, the prior Vehicle Code conviction was not an element of any offense charged here, and article I, section 28, subdivision (f) of the California Constitution did not require that it be proven to the trier of fact. Penal Code section 1025 provides that when such a prior conviction allegation is admitted before trial the jury is not to be informed of the charge or admission. We conclude the error was prejudicial and reverse the conviction.

The automobile's owner testified that he parked it outside a friend's apartment building and went inside. About 30 or 45 minutes later he went outside and saw it was gone. After making a police report, he and his friend went in search of the car. About two hours later they located the car parked less than a block from the friend's apartment.

The owner testified that when he recovered the car, wires had been pulled out of the ignition. The police report, however, which he signed at the time, records no damage to the automobile. The officer who wrote the report testified he noticed no damage to the ignition or ignition wiring. At the time

of the first police report (when the theft was discovered) the owner told the officer he had left his keys in the center console of the car.

The jury was informed of a stipulation by which defendant admitted a prior conviction of Vehicle Code section 10851, and was instructed not to consider the prior conviction for any reason but to satisfy the prior conviction "element" of Penal Code section 666.5. In argument, defense counsel conceded identification and argued that the offense was only a misdemeanor violation of Penal Code section 499b, temporary operation without permission (joyriding).

Article I, section 28, subdivision (f) of the California Constitution (hereafter section 28(f)) provides, in part: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." In *People* v. *Bouzas, supra,* 53 Cal.3d 467, the Supreme Court considered whether section 28(f) precluded a defendant charged with petty theft with a prior theft-related conviction (Pen. Code, § 666 [hereafter section 666]) from stipulating to the prior and thereby keeping its existence from the jury. Relying on the code placement and language of section 666, the court concluded it was "a sentence-enhancing statute, not a substantive 'offense' statute." (*Bouzas, supra,* at pp. 478, 479.) Section 28(f) thus had no application in prosecutions for section 666, and the prior case law based on Penal Code sections 1025 and 1093[1] continued to govern, allowing the defendant to keep the prior from the jury by admitting it before trial. (*Bouzas, supra,* at p. 480.)

Penal Code section 666.5 (hereafter section 666.5), like section 666, is placed in a portion of the Penal Code dealing with enhancement of sentence and other matters relating to punishment, rather than with definition of substantive offenses. The language of section 666.5, subdivision (a) closely parallels that of section 666, as is evident when the two sections are quoted with the identical and near identical language emphasized. Section 666 states: "*Every person who, having been convicted of* [any of a number of theft-related crimes] and having served a term therefor in any penal institution . . . *is subsequently convicted of* petit theft, then the person convicted of that subsequent offense *is punishable* . . . ." Section 666.5, subdivision (a) states: "*Every person who, having been previously convicted of* [grand theft auto or unlawful driving or taking], regardless of whether or not the person actually served a prior prison term for those offenses, *is subsequently*

---

[1]Penal Code section 1025 provides, in part: "In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

Penal Code section 1093, subdivision (a) reiterates that the allegation of a prior conviction, if admitted, is not to be read to the jury with the rest of the accusatory pleading.

*convicted of* any of these offenses *shall be punishable . . . .*" (Italics added.) We conclude that section 666.5, subdivision (a) creates only enhanced punishment for repeat offenders, not a new substantive offense.

Subdivision (b) of section 666.5 does not alter that conclusion. It states: "The existence of any fact which would bring a person under subdivision (a) shall be alleged in the information or indictment and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury." The references to "guilt" as an issue separate from existence of the prior conviction reinforces the conclusion that the prior conviction is not an element of a substantive offense under section 666.5, subdivision (a). In addition, the requirement that the prior be "*admitted . . . in open court*" contrasts with the language of section 28(f) requiring priors which *are* elements of the substantive offense to be "*proven to the trier of fact* in open court." Moreover, the precise language of section 666.5, subdivision (b) is found in, and apparently taken from, a number of statutes relating to probation ineligibility. (E.g., Pen. Code, §§ 1203.06, subd. (b)(1), 1203.066, subd. (d), 1203.07, subd. (b).) As far as our research has disclosed, it has never been suggested that these provisions require, or even allow, that the jury be informed of a prior conviction which the defendant admits before the court and on the record, where that conviction is irrelevant to the issue of guilt. Finally, such an interpretation would abrogate the long-established policy embodied in Penal Code section 1025; we should avoid a construction which would, without evidence of legislative intent to do so, work an implied repeal of Penal Code section 1025. (See *People* v. *Bouzas, supra,* 53 Cal.3d at p. 480.)

■ We conclude the error in informing the jury of the prior conviction was prejudicial on the facts of this case. Although identification and lack of consent were conceded, the People's case was not overwhelming on the single controverted issue, intent to deprive the owner of possession. The keys had been left in the car, and defendant was found in it less than a block away, listening to the radio. It was possible for jurors to find, on this evidence, that defendant intended no more than to operate the car temporarily—to take a ride in it. It would be difficult or impossible for the jurors to ignore the additional information that defendant had a previous conviction for the felony offense, a fact which could well have led them to view him as a professional car thief rather than a mischievous joyrider. Under these circumstances we cannot assume that the court's limiting instruction had the desired effect. It is reasonably probable that the verdict was affected by improperly informing the jury of the prior conviction. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836-837 [299 P.2d 243].)

The judgment is reversed.

King, J., and Haning, J., concurred.