Filed 4/14/15  P. v. Duran CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAEL C. DURAN,<br><br>    Defendant and Appellant. | B254205<br><br>(Los Angeles County<br>Super. Ct. No. BA415251) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Laura F. Priver, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald E. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Lael C. Duran was charged by information with "unlawfully taking a vehicle with a prior" (Pen. Code, § 666.5). The information alleged three prior convictions for unlawfully taking a vehicle under Vehicle Code section 10851, subdivision (a) and one prior conviction under Penal Code section 666.5. The information also included prior conviction allegations under Penal Code sections 1203, subdivision (e)(4) and 667.5, subdivision (b). The trial court informed defendant that if he admitted his prior convictions for purposes of Penal Code section 666.5, the jury would not learn of any of his earlier convictions. Defendant did not admit his priors, or seek bifurcation of the trial of the priors, or elect to have the priors tried to the court. Instead, he elected to have the People prove them to the jury. Defendant was convicted, and four prior conviction allegations were found to be true, as were the other prior conviction allegations. Defendant was sentenced to four years in county jail.

Relying on *People v. Young* (1991) 234 Cal.App.3d 111, 113 (*Young*), defendant claims he was denied his right to due process and to a fair trial when the trial court ruled that his prior convictions were an "element" of Penal Code section 666.5 that had to be tried to the jury. He also contends that the People improperly cross-examined him regarding the underlying facts of a prior conviction.

The trial court did not rule that defendant's prior convictions were an "element" that had to be tried to the jury within the meaning of *Young*. Defendant forfeited any claim of error as to the People's cross-examination, and in any event, the cross-examination was within the scope of permissible impeachment because defendant opened the door by disputing his guilt for the prior conviction. Finding no merit in either of defendant's contentions, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A number of issues related to defendant's prior convictions were raised before trial. The People wanted to introduce the facts underlying a 2012 conviction under Evidence Code section 1101, subdivision (b), where defendant was caught in possession of a number of shaved keys in a stolen 1992 Nissan, and was involved in a high speed chase with police. The People argued the facts surrounding the prior case (except for

2

the police chase) were nearly identical to the facts of this case, as defendant was caught in a Nissan with a number of shaved keys. The court found the evidence of the prior conviction to be relevant to motive, but took the matter under submission, and admonished the prosecutor to not mention the evidence in his opening statement.

Before opening statements, the prosecutor notified the court there was a disagreement concerning the prosecution's burden of proof as to the Penal Code section 666.5 charge. The prosecutor argued the People had to prove the present crime and also that defendant had previously been convicted of a felony violation of Vehicle Code section 10851 or other vehicle theft. The prosecutor went on to explain that "unless there is some [type] of stipulation up front, that information would have to be conveyed to the jury and they would have to make that determination." Defense counsel stated "I thought we already addressed this with the [Evidence Code section] 1101(b). There would be a stipulation. If 1101(b) evidence isn't coming in then we provide that stipulation . . . if it is coming in then he will have to prove all the elements."

The court then ruled on the Evidence Code section 1101, subdivision (b) evidence, concluding that the arresting officer would not be permitted to testify about the car chase, but could testify that defendant was arrested in a stolen Nissan with shaved keys, as this evidence was relevant to knowledge and intent.[1] The court explained its ruling under Evidence Code section 1101, subdivision (b) "does not change the fact that he has to prove he was previously convicted [for purposes of Penal Code section 666.5] so I agree with the People on that. Don't know how you want to address that. He either has to prove it to the jury or you have to stipulate to it." The court repeated, "with regard to the conviction that's what he has to prove that he was convicted of it. So I mean he either has to prove that by way of some sort of certified records or some other way. If you don't want all that to come before the jury your

---

[1] Admission of the Evidence Code section 1101, subdivision (b) evidence is not at issue on appeal.

3

client can stipulate to it then I think there is a different instruction then that attaches to – when there is a stipulation."

The prosecutor contended, "I think the way the information is charged is that he can stipulate to it. We don't have to get into the facts of it but that information still comes in front of the jury." Defense counsel disagreed, arguing "[T]hat is incorrect. I'll just read directly from the code. The annotated code on 666.5 says 'If the defendant pleads not guilty and admits a prior conviction the charge of the previous conviction cannot be read to the jury . . . .' " The court stated that it agreed with defendant's view, and explained "[i]t's how you give the instructions at the end. They are told to accept certain things in the instructions rather than the People have to prove this and that. I don't remember how the instructions read but I will know that by tomorrow. Obviously because we will have to figure it out. . . ."

Defense counsel said she would speak with her client, and the court again admonished the prosecutor not to mention the prior conviction during his opening statement because it was unresolved how the prior conviction would be handled.

The following testimony was adduced at trial: Alejandro Orozco testified that he was the owner of a 1989 Nissan Sentra on August 16, 2013. The car was stolen from a store parking lot in Lynwood, around 5:00 or 5:30 p.m., while Mr. Orozco was inside shopping. Mr. Orozco did not give anyone permission to drive his car that day. It was locked when he left it in the parking lot, and no one else had a key to the car. Mr. Orozco called the police and reported the car had been stolen.

Carlos Cifuentes testified that he was the owner of a 1992 Nissan Maxima on October 4, 2011. His vehicle was stolen while it was parked outside a residence he was visiting. He was the only person who had keys for the car, and he had not given anyone permission to drive it. Mr. Cifuentes did not recognize defendant, and had not given him permission to drive the car. The car was never returned to him.

Los Angeles Police Officer Patrick Fitzgerald testified that he was patrolling the area of 38th Place and Western Avenue on August 16, 2013, with his partner Dana Oviatt, in an unmarked police car. He saw defendant driving a 1989 Nissan Sentra.

4

Defendant pulled over and parked the car, and stepped out of it. When Officer Fitzgerald pulled up alongside defendant as he was walking away from the vehicle, he noticed defendant seemed nervous. Officer Oviatt checked the license plate of the Nissan and learned it had been reported stolen. Officer Fitzgerald handcuffed defendant, and searched him. He found two shaved keys in defendant's pocket. A shaved key is filed down so it can fit in any lock or ignition.

Officer Oviatt testified that he used one of the shaved keys recovered from defendant to open the door of the Nissan Sentra.

Gardena Police Officer Michael Bergeron testified that he responded to a stolen vehicle call on October 5, 2011. Defendant was driving a stolen early 1990's Nissan Maxima, and was arrested. In the ignition of the vehicle was a key ring with six shaved keys.

Defense witness Ragini Patel was called to testify out of order. She testified that she worked as the manager at the Pine Tree Inn Motel on 38th Place and Western Avenue. She identified a hotel registration card on which defendant was identified as a "walk in" customer, meaning that he had told Ms. Patel that he did not have a car when he registered for the room. Defendant checked in at 7:15 p.m. on August 16, 2013. During cross-examination, Ms. Patel stated that she did not see defendant again after he registered for the room.

Out of the presence of the jury, the trial court again addressed the Penal Code section 666.5 issue. The court explained to defendant, "[a]s part of the charges the People have to prove you were convicted of other underlying things, particularly Vehicle Code section 10851 as well as they have one alleged as the 666.5 which is the 10851 or taking of a vehicle with a prior conviction. [¶] They have to prove that one way or another. If you choose to admit it then all of those convictions would not come before the jury with the exception of the evidence the court already allowed to be admitted. If you don't admit them he's going to put them on, all of them, all four of them, because he has a burden to prove that. It's completely up to you what you want to

5

do, but unless you want all of those to come before the jury – if he admits them that element is accepted as true."

Defendant interjected that "I don't feel like I'm getting a fair trial period." The court continued to patiently explain to defendant that the prosecution had to prove all of defendant's prior convictions to the jury unless he stipulated to them. The court then took a recess so that defendant could consult with counsel. Following the recess, the prosecutor asked whether the jury would be informed of the stipulation. The court responded that the stipulation and prior convictions would be kept from the jury, except that the jury would be instructed on how to consider the Evidence Code section 1101, subdivision (b) evidence. Defense counsel stated she had advised defendant, and he did not wish to admit the prior convictions.

John Hernandez testified that he worked as a legal office support assistant with the Los Angeles County District Attorney's Office priors unit. He identified certified minute orders for four separate cases, including a March 21, 1994 conviction for violation of Vehicle Code sections 2800.2 and 10851 by no contest plea, an October 3, 1994 conviction under Vehicle Code section 10851 by no contest plea, a November 30, 2011 conviction under Penal Code section 666.5 by no contest plea, and a January 12, 2012 conviction under Vehicle Code section 10851 by jury.[2]

Defense counsel then informed the court that defendant intended to testify. The trial court told counsel it would allow the People to impeach him with the four convictions about which Mr. Hernandez had testified. The court admonished the prosecutor not to impeach defendant with the underlying facts of the cases, except for the case introduced under Evidence Code section 1101, subdivision (b). Defense

---

[2]    It was later agreed that bifurcation of the trial of defendant's prison priors was not necessary, as they involved the same convictions that Mr. Hernandez had already testified to. Therefore, Mr. Hernandez testified that defendant had served prison terms for his October 3, 1994 and November 30, 2011 convictions.

counsel acknowledged that "[h]e is capable of opening the door to underlying facts with his testimony."

Defendant testified that he had been released from prison on August 5, 2013. On August 16, 2013, he was going to work for a friend in Compton. He took a bus to Compton from downtown Los Angeles, leaving at 11:30 a.m. Defendant worked until 5:30 p.m., and then took a bus to visit his girlfriend at her parents' house near Normandie Avenue and West Jefferson Boulevard. They planned to go out on a date and stay at a hotel. They took a bus to a hotel on 38th Place and Western Avenue. Defendant and his girlfriend spent a few hours in the hotel room before defendant left to get some beers. He noticed a bunch of people congregated in the street, watching the police.

Defendant crossed the street in front of the officers and Officer Fitzgerald asked him, "Where you going man?" Defendant bickered with Officer Fitzgerald, and then his partner put defendant against the car and started searching him. Defendant calmed down because he did not want to go to jail. The officers only found his wallet, phone, and a hotel key when they searched him. Defendant was handcuffed and placed in the police car, and the officers went into the hotel. Defendant denied possessing any shaved keys. He never drove the Nissan, or any other car that day.

Defendant admitted he had plead no contest in three prior cases and that he was found guilty by a jury in another case on January 12, 2012. According to defendant, Officer Bergeron's testimony about the 2012 case was not accurate. Defendant testified the testimony was "all wrong."

During cross-examination, the prosecutor asked defendant whether Carlos Cifuentes was "the owner of the vehicle that [defendant was] driving in [the 2012] case?" Defendant denied ever driving the car in the 2012 case. The prosecutor asked defendant if he recognized photographs of the vehicle from the 2012 case, and whether six shaved keys were recovered from the vehicle. Defendant denied that he was in possession of six shaved keys in that case, or that he knew what a shaved key was. Defendant volunteered that he was a passenger in the vehicle at issue in the 2012 case.

7

The prosecutor then asked defendant "were the cops lying in the [2012] case?" Defendant responded, "Part of it was a lie. In Gardena it was partly a lie. I was in a vehicle but they said I was driving which I was not. I got convicted of evading and driving." The prosecutor then asked, "Let's talk about evading. That was really a high speed chase, correct?" No objection was interposed. Defendant responded, "Not really." The prosecutor asked, "It wasn't a high speed chase?" Again, no objection was interposed. Defendant responded, "No. It was traffic hours, just driving down the freeway." The prosecutor asked, "You said you were a passenger?" Again, no objection was interposed. Defendant responded, "I was a passenger." The prosecutor asked, "Who else was in the vehicle?" At this point, defense counsel simply stated, "Objection," without stating the grounds for the objection. The objection was overruled. Defendant responded, "I can't mention no names." The prosecutor then asked if there was a collision, and defendant responded "yes," and that the "cops just spinned 'em out." Defense counsel stated, "Objection." Her objection was overruled. The prosecutor asked whether the cops "spun you out" and defendant responded that the police pushed the car to the side of the road. When asked if anyone was injured, defendant said that three people were hurt, including himself. Defendant denied knowing that the car was stolen.

During redirect, defendant testified that he went to trial on the 2012 case because he was innocent, and was not driving the car.

### DISCUSSION

**1.    Penal Code Section 666.5**

Penal Code section 666.5, captioned "[p]unishment for second offense of felony theft of automobile," provides that "[e]very person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment." (*Id.*, subd. (a).) It further provides that "[t]he existence of any fact which would bring a person under

8

subdivision (a) shall be alleged in the information or indictment and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury." (*Id.*, subd. (c).)

Defendant contends that "the trial court erred in ruling that the prior conviction was an element of [Penal Code] section 666.5." Specifically, defendant relies on *Young*, *supra*, 234 Cal.App.3d 111, arguing that "*Young* makes clear that the prosecution was not required to prove appellant had a prior Vehicle Code section 10851 conviction in order to prove he had violated [Penal Code] section 666.5." Defendant's reliance on *Young* is misplaced.

In *Young*, the defendant was charged with illegally taking a vehicle in violation of Vehicle Code section 10851, with a prior conviction for the same offense. He stipulated to his prior conviction, but the jury was nevertheless informed of the prior conviction, over his objection. The jury was instructed not to consider the prior conviction for any reason but to satisfy the prior conviction "element" of Penal Code section 666.5. (*Young*, *supra*, 234 Cal.App.3d at p. 114.)

The appellate court found prejudicial error, concluding that Penal Code section 666.5 was a sentence enhancing statute, and did not define a new substantive offense. Therefore, article I, section 28, subdivision (f) of the California Constitution, which requires prior felony convictions which are an *element* of any felony offense to " 'be proven to the trier of fact in open court' " had no application to Penal Code section 666.5, and the jury should not have been informed "of a prior conviction which the defendant admit[ted] before the court and on the record, [because] that conviction is irrelevant to the issue of guilt." (*Young*, *supra*, 234 Cal.App.3d at pp. 114-115.)

*Young* did *not* decide that the fact of a prior offense under Penal Code section 666.5 should never be submitted to the jury. Instead, the court merely decided that the defendant's stipulation to the prior offense effectively removed the issue from the jury's consideration. (*Young*, *supra*, 234 Cal.App.3d at pp. 114-115; see also Pen. Code, § 1025; Cal. Const., art. I, § 28, subd. (f).)

9

This case is distinguishable from *Young*. Here, the trial court advised defendant that he could either stipulate to his prior offenses, or that they would have to be proven to the jury.[3] The trial court correctly admonished defendant that if he stipulated, the jury would *not* be made aware of the stipulation, or of his prior convictions. Because defendant refused to stipulate to his priors, they had to be proven to the trier of fact (in this case, the jury) under the express terms of Penal Code section 666.5. (See § 666.5, subd. (c).)

**2.      Impeachment with Facts of Defendant's 2012 Conviction**

Defendant contends the trial court "prejudicially erred by allowing inadmissible 'bad acts' evidence to come in during the prosecution's cross-examination" of defendant. Specifically, he complains that he was impeached with the underlying facts of his January 12, 2012 conviction, including evading police which the trial court had excluded as prejudicial.

The claimed error has not been preserved for appellate review. Only a general "objection" was made, without any legal basis. Trial counsel must generally state the specific grounds for an objection, and "counsel's failure to object to claimed evidentiary error on the same ground asserted on appeal results in a forfeiture of the issue on appeal." (*People v. Dykes* (2009) 46 Cal.4th 731, 756; see also Evid. Code, § 353.) We disagree with defendant's claim that any further objection would have been futile. The trial court plainly understood the potential prejudice of the evidence, and would have entertained a reasoned objection in proper form. (Cf. *People v. Carrillo* (2004) 119 Cal.App.4th 94, 101.)

In any event, defendant's claim fails on its merits. Generally, "[t]he scope of inquiry when a criminal defendant is impeached with evidence of a prior felony conviction does not extend to the facts of the underlying offense." (*People v. Heckathorne* (1988) 202 Cal.App.3d 458, 462.) However, Evidence Code section 780,

---

[3]      Defendant never moved for bifurcation or a court trial on the issue of his priors for purposes of Penal Code section 666.5.

subdivision (i) allows a trial court to admit otherwise inadmissible evidence for impeachment purposes to prove or disprove the existence or nonexistence of a fact about which a witness has testified. (*Andrews v. City and County of San Francisco* (1988) 205 Cal.App.3d 938, 946 ["[A] witness who makes a sweeping statement on direct or cross-examination may open the door to use of otherwise inadmissible evidence of prior misconduct for the purpose of contradicting such testimony"]; *Leader v. State of California* (1986) 182 Cal.App.3d 1079, 1089-1092; *People v. Cooks* (1983) 141 Cal.App.3d 224, 324-325; *People v. Reyes* (1976) 62 Cal.App.3d 53, 61-62.) The "open-the-door" rule is intended to prevent witnesses from misleading the jury or misrepresenting facts. (*People v. Robinson* (1997) 53 Cal.App.4th 270, 282-283.)

Here, during his direct testimony, defendant stated that Officer Bergeron's testimony about the 2012 case was "all wrong." During cross-examination, the prosecutor asked defendant "were the cops lying in the [2012] case?" Defendant responded, "Part of it was a lie. In Gardena it was partly a lie. I was in a vehicle but they said I was driving which I was not. I got convicted of evading and driving." The prosecutor then asked defendant about the facts underlying his evading conviction.[4]

Defendant claimed he was not the driver of the car. Moreover, defendant brought up his conviction for evading police, and claimed innocence of that crime too. The prosecutor was well within the permissible scope of impeachment to inquire further into the underlying facts of the 2012 case, as defendant's statements could have misled the jury into believing he was wrongfully convicted in that case.

Defendant's cited case, *People v. Heckathorne*, *supra,* 202 Cal.App.3d 458, is distinguishable. In that case, the defendant did not open the door to the prosecutor's questions about the facts underlying his prior conviction; *nothing* in his testimony had the potential to mislead the jury. (*Id*. at pp. 462-463.) Such is not the case here.

---

[4]     It is this line of inquiry that defendant challenges on appeal.

11

## DISPOSITION

The judgment is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.