Filed 12/15/15  P. v. Hutchinson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B257484 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA128890) |
| v. | |
| LESLIE HUTCHINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Affirmed.

Lisa Holder, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

At his trial for first degree residential burglary (Pen. Code, § 459)[1], assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), petty theft with priors (§ 666, subd. (b)), and misdemeanor vandalism (§ 594, subd.(a)), defendant Leslie Hutchinson stipulated in the presence of the jury that he previously suffered three convictions for theft-related crimes and served terms of imprisonment for those offenses. The court mentioned the stipulation while instructing the jury on the petty theft charge, and both the prosecutor and defendant's counsel referred to it in their closing arguments on the same count. The jury acquitted defendant on the burglary and assault counts but returned guilty verdicts on the petty theft with priors and vandalism counts.

Defendant now contends the petty theft conviction must be reversed because the jury should not have been advised of his stipulation and was incorrectly instructed that his prior offenses were an element of the petty theft charge. He also argues his trial counsel rendered ineffective assistance by informing the jury of the stipulation and failing to object to the jury instruction. Respondent concedes the jury should neither have heard nor been instructed regarding the stipulation, but contends the error was harmless. We agree and accordingly affirm defendant's conviction.

## PROCEDURAL HISTORY

On July 31, 2013, the District Attorney for the County of Los Angeles ("the People") filed an information charging defendant with one count of first degree residential burglary (§ 459) and one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) in connection with an incident that occurred on or about June 28, 2013. The information further alleged defendant suffered two convictions of serious or violent felonies within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subd. (d)), two serious felony convictions within the meaning of section 667, subdivision (a)(1), and five felony convictions within the meaning of section 667.5, subdivision (b).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The People filed a second, separate information on August 19, 2013, charging defendant with one count of felony petty theft with priors (former § 666, subd. (b))[2] and one count of misdemeanor vandalism (§ 594, subd. (a)). These charges stemmed from an incident that occurred on or about May 7, 2013. The August 19 information alleged defendant suffered six prior convictions of theft-related offenses for which he was imprisoned, two convictions of serious or violent felonies within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subd. (d)), two serious felony convictions within the meaning of section 667, subdivision (a)(1), and five felony convictions within the meaning of section 667.5, subdivision (b).

---

[2] Section 666 has been amended twice since the May 7, 2013 incident. The version in effect on May 7, 2013 provided: "Notwithstanding Section 490, any person described in paragraph (1) who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Former § 666, subd. (b).) The paragraph (1) to which the statute referred rendered subdivision (b) applicable "to any person who . . . has a prior violent or serious felony conviction, as specified in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (Former § 666, subd. (b)(1).)

Effective January 1, 2014, section 666 was amended to add convictions pursuant to subdivisions (d) or (e) of section 368 to those triggering its application. (See Former § 666, subd. (b), effective January 1, 2014 through November 4, 2014.) The statute was amended again, effective November 5, 2014, after voters approved Proposition 47 on November 4, 2014. Under the current statute, "a violation of section 666 can be a felony only if (1) the current conviction is for petty theft, (2) the defendant has served a term of imprisonment for certain specified felonies, including robbery, and (3) the defendant is required to register as a sex offender or has a prior conviction for a violent or serious felony offense listed in section 667, subdivision (e)(2)(C)(iv), or for elder abuse in violation [of] section 368, subdivisions (d) or (e)." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330.) Defendant's counsel represents that defendant successfully petitioned for recall of his sentence on the petty theft conviction pursuant to Proposition 47.

The People moved to consolidate the two informations, and the cases were consolidated on December 2, 2013. The People filed a consolidated information that same day. Count 1 of the consolidated information alleged residential burglary (§ 459), count 2 alleged assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)), count 3 alleged petty theft with priors (§ 666, subd. (b)), and count 4 alleged misdemeanor vandalism (§ 594, subd. (a)). The allegations pertaining to defendant's prior convictions in the separate informations were carried over into the consolidated information.

Defendant pleaded not guilty to all four counts and denied the prior conviction allegations. The court granted defendant's request to bifurcate trial of the prior conviction allegations and defendant proceeded to jury trial on the charged offenses. The jury acquitted defendant on the burglary and assault charges and found him guilty of petty theft with priors and vandalism. With respect to the petty theft charge, the jury also found true an allegation that defendant "suffered 3 Theft related prior convictions and served time in a Penal Institution."

Defendant subsequently admitted the prior conviction allegations. The court sentenced him to a total of 11 years and four months in state prison: the three-year high term for petty theft with priors, doubled in light of defendant's admitted prior strike convictions, plus one additional year for each of the five admitted prison priors, plus four months–one-third the one-year term–for the vandalism conviction. Defendant timely appealed.

## FACTUAL BACKGROUND

The following facts pertinent to the petty theft allegation were adduced at trial. Cristal Perez (Cristal) and her brother, Noe Perez (Noe), lived in a house on a corner lot in Compton. The house was surrounded by a fence, with one gate in the front and another in the back. The back gate had a lock, but the front gate did not. The house had a garage in which Noe, a plumber, stored some of his tools. Noe also stored tools outside, on the side of the garage near some trash cans.

4

On the morning of May 7, 2013, Cristal was inside the house when she heard the front gate. She looked outside and saw the gate was open. She went outside and closed the gate. She also walked partway around the house but did not see anyone. Cristal went back inside.

Cristal then heard another noise, this time from the side door of the house that led to the garage. It sounded "[l]ike tools dropping," or "tool boxes dropping on the floor." Cristal went back outside through the front door and walked around the house. She did not see anything on the east side of the house and did not see defendant near the garage.

Cristal bumped into defendant on the west side of the house, near the back gate. He was carrying a "chop saw" that had Noe's name on it. Cristal recognized the saw as one of Noe's.

Cristal testified that after their collision, defendant put the saw on the ground and said, "Oh. Sorry. Sorry. I thought it was trash." Cristal told him the saw was "inside of the property" and only would be trash if it were outside the property. She told defendant to leave. Defendant left through the front gate, without the saw. Cristal then called law enforcement.

Sheriff's deputies apprehended defendant about two hours later. Defendant was only about a quarter of a mile from the Perez house. Cristal identified him after he was arrested and also identified him in court. Neither Cristal nor Noe knew defendant prior to the incident or gave him permission to enter their property or take the saw.

Gregory Stickley, one of the responding sheriff's deputies, testified that Cristal told him the saw originally had been located in the driveway. Noe testified that although the saw was outside later that afternoon, he was "100 percent sure" he had left the saw in the unlocked garage and not in the driveway or near any trash cans. Noe further testified that the garage was unusually messy when he looked inside it, with "[s]tuff thrown around" and "scramble[d]." The side door to the garage did not have a lock.

Defendant did not testify or present evidence pertinent to the May 7, 2013 incident. The court instructed the jury it could consider defendant's out-of-court

statements.  Through his counsel, defendant claimed he reasonably believed he was picking up trash.[3]

### DISCUSSION

**I.      The court erred in apprising the jury of defendant's prior convictions.**

The parties agree that the jury should not have been apprised of defendant's prior convictions.  We concur.

Defendant was charged with felony petty theft with priors under former section 666, subdivision (b).  The Supreme Court has held that section 666 "is a sentence-enhancing statute, not a substantive 'offense' statute."  (*People v. Bouzas* (1991) 53 Cal.3d 467, 479 (*Bouzas*).)  Included in title 16 of the Penal Code, "which is directed primarily to sentencing and punishment" (*Bouzas*, *supra*, 53 Cal.3d at p. 478), section 666 "is structured to enhance the punishment for violation of other defined crimes and not to define an offense in the first instance.  It simply refers to other substantive offenses defined elsewhere in the Penal and Vehicle Codes and provides that if a defendant has previously been convicted of and imprisoned for any of these theft-related offenses, and thereafter commits petty theft (defined in section 484), the defendant is subject to punishment enhanced over that which would apply following a 'first time' petty theft conviction."  (*Id.* at pp. 478-479.)  Put another way, "[s]ection 666 operates like the Three Strikes law . . .; it does not establish an enhancement, but establishes an alternate and elevated penalty for a petty theft conviction when a recidivist defendant has served a

---

[3] This argument is tantamount to a claim-of-right defense, which "provides that a defendant's good faith belief, even if mistakenly held, that he has a right or claim to property he takes from another negates the felonious intent necessary for conviction of theft or robbery."  (*People v. Tufunga* (1999) 21 Cal.4th 935, 938.)  Both defendant and the People recognize this in their briefing, but defendant did not request and the trial court did not sua sponte deliver a jury instruction on this defense.  We need not and do not consider whether either defense counsel or the trial court erred, however; defendant has forfeited any potential issue by not presenting it for our review.  (See *People v. Clayburg* (2012) 211 Cal.App.4th 86, 93.)

prior term in a penal institution for a listed offense." (*People v. Murphy* (2001) 25 Cal.4th 136, 155.) [4]

Just as prior strike convictions are not elements of charged offenses, "the prior conviction and incarceration requirement of section 666 is a sentencing factor for the trial court and not an 'element' of the section 666 'offense' that must be determined by a jury." (*Bouzas*, *supra*, 53 Cal.3d at p. 480.) Thus, when a defendant charged under section 666 stipulates that he or she has suffered the requisite prior theft-related convictions and incarcerations, "the fact of the prior conviction and incarceration must not be disclosed to the jury." (*Id.* at p. 471.) "[D]efendant had a right to stipulate to the prior conviction and incarceration and thereby preclude the jury from learning of the fact of his prior conviction." (*Id.* at p. 480; see also *People v. Hall* (1998) 67 Cal.App.4th 128, 135.)

Here, however, defendant's stipulation had no such protective effect. The stipulation itself was made in open court before the jury, and the court contemporaneously instructed the jury that it had to "deem the facts as articulated to you in the stipulations as having been conclusively proven to you as both counsel factually agreed that those things did occur." The court compounded the error by further instructing the jury with a modified version of CALCRIM No. 1850 ("It has been stipulated by the parties that the defendant has been convicted of three prior theft convictions for which he served a term in a penal institution."). Defense counsel raised no objection to the instruction. The People incorrectly told the jury during closing argument that "we also have to show that the defendant was previously convicted of three theft offenses and that he served a term in a penal institution for that conviction," and that "[t]he defense and prosecution agree that the defendant has been convicted of three, theft-related offenses in the past and that he served a term in a penal institution." Defense

---

[4] As the court of appeal explained in *People v. Tardy* (2003) 112 Cal.App.4th 783, 787, fn. 2, section 666 technically is not a sentencing "enhancement" because it does not add an additional period of imprisonment to the base term for petty theft. (See Cal. Rules of Court, rule 4.405(3).)

counsel also told the jury, "one part of that is not reasonable for you to doubt at all. One of the elements of [petty theft with priors] is that there are three prior felony theft convictions. We've stipulated to that. That part is credible." In addition, the verdict form for the petty theft count asked the jury to specifically find that defendant "suffered 3 Theft related prior convictions and served time in a Penal Institution."

Defendant's stipulation should have removed the issue of his prior convictions from the jury's knowledge and consideration but plainly did not. This was error under *Bouzas*.

## II. The error was harmless.

Defendant contends the error was prejudicial and warrants reversal. We disagree.

In *Bouzas*, the Supreme Court evaluated whether the erroneous admission of defendant's stipulation prejudiced him under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836-837 (*Watson*). (See *Bouzas*, *supra*, 53 Cal.3d at p. 481.) That is, it considered whether there was a reasonable probability of a different verdict had the jury not been informed of the defendant's prior theft-related conviction. (*Ibid.*) The *Bouzas* court concluded the *Watson* standard was satisfied. Defendant contends his case is analogous to both *Bouzas* and *People v. Young* (1991) 234 Cal.App.3d 111 (*Young*), another case in which the court found prejudicial error. Both *Bouzas* and *Young* are distinguishable.

In *Bouzas*, *supra*, at p. 469 witnesses observed defendant enter an area of a retail pharmacy that was not accessible to the public and pick up a package of syringes. When pharmacy employees told defendant to stop, defendant said he would pay for the syringes at the front of the store. (*Ibid.*) A pharmacy employee told defendant the syringes only could be purchased at the pharmacy, and only after certain forms were completed. Defendant ignored the employee and carried the syringes toward the front of the store. (*Ibid.*) An employee followed defendant and saw him climb over a chain barrier and walk out of the store without waiting in the checkout line. (*Ibid.*) The store manager stopped defendant outside the store, but the syringes were not on him. (*Id.* at p. 470.) At trial, defendant argued that he intended to pay for the syringes at the front cash register

8

but decided to discard them inside the store rather than wait in the checkout line. (*Id.* at p. 481.) The prosecutor speculated that defendant abandoned the syringes in a trash can outside the store, but offered no evidence in support of this scenario. (*Ibid.*) The *Bouzas* court concluded that these facts rendered the issue of whether a petty theft occurred a "close question" that would be significantly more likely to be answered in the affirmative with knowledge of defendant's history of theft. (*Ibid.*)

The court of appeal reached the same conclusion in *Young*. There, defendant was charged with illegal taking or driving of a vehicle with a prior conviction for the same offense (§ 666.5; Veh. Code, § 10851). (*Young*, *supra*, 234 Cal.App.3d at p. 113.) The owner of the car testified that he noticed his car missing approximately 30 or 45 minutes after parking it outside a friend's apartment building with the keys in the center console. (*Id.* at pp. 113-114.) The car owner called the police, filed a report, and then went looking for the car. He located the car parked less than a block away. (*Id.* at p. 113.) Defendant was sitting inside, listening to the radio. (*Id.* at p. 115.) The jury convicted defendant after being told of his prior conviction over his counsel's objection. (*Ibid.*) The court of appeal found the error prejudicial because "the People's case was not overwhelming on the single controverted issue, intent to deprive the owner of possession." (*Id.* at p. 115.) The court concluded it was possible for jurors to find that defendant intended only to temporarily joyride in the car, which was left with the keys inside and was recovered less than a block away with defendant still inside. (*Ibid.*) The court reasoned "[i]t would be difficult or impossible for the jurors to ignore the additional information that defendant had a previous conviction for the felony offense, a fact which could well have led them to view him as a professional car thief rather than a mischievous joyrider." (*Ibid.*)

Here, the primary issue was whether defendant intended to steal the saw or legitimately believed the saw had been discarded as trash and was free for the taking. Even if the jury credited Cristal's testimony that the saw was near the trash cans, however, there was no dispute that defendant had to (and did) open the gate and traverse the enclosed property to access and take the saw. The $200-$300 saw that Noe used to

cut pipes was not broken. It was near the side of the house, in an area used to store tools, and was protected from access by a fence with closed gates. No reasonable person could have believed intact property located in such an area, even if proximate to trash cans and visible to passersby, was abandoned or otherwise free for the taking. Cristal's testimony exemplifies the pervasive and commonsense nature of this conclusion; she told defendant the saw was "inside of the property. If it was outside of the property it was trash." Unlike the defense theories in *Bouzas* and *Young*, defendant's theory is implausible on the uncontroverted facts of this case.

Moreover, the evidence of defendant's prior convictions was admitted only for the limited purpose of establishing an "element" of the petty theft with priors charge. The references made to the stipulation during closing argument reflect that limitation; both were made in connection with argument concerning petty theft charge. More importantly, the court expressly instructed the jury not to consider defendant's prior convictions and imprisonment "for any other purpose." We presume the jury followed the court's instruction. (*People v. Yeoman* (2003) 31 Cal.4th 93, 139.) The record in this case supports this presumption. The jury assessed allegations that defendant committed first degree residential burglary and assault on another occasion–and acquitted him of those charges despite knowing he had three prior convictions for which he served time in a penal institution. This further distinguishes the instant case from *Bouzas* and *Young*, in which the juries considered a single charge. Defendant argues the acquittals demonstrate the jury was "underwhelmed" by the People's weak case, but the evidence pertinent to the burglary and assault charges was wholly distinct from that pertinent to the petty theft and vandalism charges, which arose from a separate, unconnected incident. Defendant has not shown a reasonable probability that the verdict on the petty theft count would have been different had the jury been unaware of his priors.

Defendant argues his conviction nonetheless should be reversed because the court deprived him of due process by including his priors as an element of the petty theft offense. That is, he contends the error was not harmless under *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*), which applies when a jury instruction improperly

10

describes or omits an element of the crime from the jury's consideration (see *People v. Lamas* (2007) 42 Cal.4th 516, 526).  Assuming *Chapman* is applicable here, where the instructions added an element for the prosecution to prove, we "consider whether it appears beyond a reasonable doubt that the error did not contribute to the jury's verdict." (*People v. Mil* (2012) 53 Cal.4th 400, 417.)  We conclude there was no reversible error. The court erroneously instructed the jury that the People had to prove defendant previously suffered theft-related convictions and incarceration, but concurrently removed that element from the jury's consideration via the stipulation.  Further, the court instructed the jury that the stipulation could not be considered for any other purpose, and the verdict on the burglary count indicates the jury followed this mandate and did not use the evidence for an impermissible purpose.

Because the error regarding the prior convictions did not prejudice defendant, we need not consider his alternative argument that his counsel was ineffective for permitting the jury to learn of them.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 694 [a defendant claiming ineffective assistance of counsel must establish both error and prejudice]; *People v. Cowan* (2010) 50 Cal.4th 401, 493, fn. 31.)


**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.


11