Filed 2/1/16  P. v. Trejo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262162 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. MA063307) |
| RALPH PETE TREJO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Ralph Trejo appeals from an order denying his petition for recall of sentence and request for resentencing under Proposition 47. The trial court denied the petition on the basis that appellant was not eligible for relief under Proposition 47. We find that appellant has failed to meet his burden to show that he is eligible for resentencing under Proposition 47, and therefore affirm the denial of his petition without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

A single-count information charged appellant with a felony violation of Penal Code section 666.5, which was characterized as "unlawful driving or taking of a vehicle with a prior."[1] The information alleged that on June 13, 2014, Appellant "did unlawfully drive and take a certain vehicle, to wit, 1996 GEO PRISM [sic] . . . without the consent of [the owner] and with intent, either permanently or temporarily, to deprive said owner of title to and possession of said vehicle." There is no further information in the record about the circumstances of the crime.

The information further alleged that appellant had convictions in 1999 and 2003 for violations of Vehicle Code section 10851, subdivision (a), "theft and unlawful driving or taking of a vehicle" (section 10851(a)), and a 2000 conviction of Nevada Revised Statutes section 205.273, "offense involving stolen vehicle." The information stated that appellant served prison terms for a 2009 conviction for possession of a controlled substance for sale and a 2012 forgery conviction.

At the pretrial conference, appellant pleaded no contest to violating section 666.5. He admitted the two prior convictions for violations of section 10851(a) and the conviction under Nevada Revised Statutes section 205.273. The court sentenced him to the midterm of three years. He was ordered to pay $900 in restitution and several other fines.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On December 10, 2014, appellant filed a form motion to reduce his conviction to a misdemeanor under Proposition 47. On December 15, 2014, the trial court denied appellant's motion. The court noted that appellant's conviction was for section 666.5, and therefore "defendant is not eligible for relief under Proposition 47."

Appellant timely appealed. In his notice of appeal, appellant stated that he thought his motion was denied based on the value of the car involved in the crime, and if the court took the mileage of the car into account, "I think the value would be far less than $950."

## DISCUSSION

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*Id*. at p. 1092.) A defendant seeking review has the initial burden to establish the facts upon which eligibility under Proposition 47 is based. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.)

Proposition 47 added section 490.2 to the Penal Code. (*Rivera*, supra, 233 Cal.App.4th at p. 1091.) Section 490.2 states in part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Appellant argues that under this statute, his conviction should have been characterized as petty theft and reduced to a misdemeanor.

3

Appellant pleaded no contest to section 666.5, which provides, "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment." Appellant argues that "[b]ecause Penal Code section 666.5 is clearly a punishment section, the lower court should have noted appellant's conviction to be for a violation of Vehicle Code, section 10851." Because section 10851 is a theft offense, appellant argues, it is petty theft under section 490.2.

There is some merit to appellant's argument that section 666.5 was not intended to be a stand-alone offense. In *People v. Young* (1991) 234 Cal.App.3d 111, 113, for example, the court found that "Penal Code section 666.5 provides for enhancement of the sentence rather than defining a new offense." However, appellant pleaded no contest to the charge of violating section 666.5, and he has not challenged the basis for his conviction. (See, e.g., §1237.5; Cal. Rules of Court, rule 8.304(b).) Appellant cites no authority, and we are not aware of any, that would allow the trial court or this court to consider appellant's conviction under a different statute than the one to which he pleaded no contest. Moreover, "[t]he Legislature's obvious purpose in enacting Penal Code section 666.5 was to increase the punishment for repeat offenders." (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1541.) We find unavailing appellant's argument that we should ignore this obvious purpose and instead consider his conviction under a different statute in order to decrease his punishment.

Nonetheless, even if we were to consider appellant's conviction as one for section 10851(a), it would not warrant a recall of his sentence under section 1170.18. Appellant argues that a violation of section 10851(a) is a "theft offense," and therefore if the vehicle taken has a value of less than $950, it necessarily falls under the definition of misdemeanor petty theft in section 490.2. In support, appellant cites *People v. Garza* (2005) 35 Cal.4th 866 (*Garza*) for the proposition that "taking a vehicle with intent to permanently deprive the owner is a theft offense." *Garza* indeed reached that conclusion,

4

but it also held that whether a violation of section 10851(a) is a theft offense or a nontheft offense depends entirely on the context of the case. "[S]ection 10851(a) 'proscribes a wide range of conduct.' [Citation.] A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' [Citations.]." (*Id*. at p. 876.) In *Garza*, defendant was found sitting in the driver's seat of a stolen vehicle in a parking lot, with the keys in the ignition and the engine running. He was convicted of violating sections 10851(a) and 496, subdivision (a) (receiving stolen property). A defendant cannot be convicted of stealing and receiving the same property (*id*. at p. 874), so the validity of the section 496, subdivision (a) conviction turned on whether the 10851(a) conviction was a theft offense. The Supreme Court said the answer depended on whether "defendant's section 10851(a) conviction was for the taking of the vehicle with the intent to permanently deprive the owner of possession, and thus a theft conviction, or merely for posttheft driving of the vehicle, and thus a nontheft conviction." (*Id*. at p. 879.) The court concluded that the defendant's conviction was for posttheft driving. "The theft of the vehicle six days earlier was long since complete, and the driving therefore constituted a separate, distinct, and complete violation of section 10851(a)." (*Id*. at p. 882.)

*Garza* therefore makes clear that whether a violation of section 10851(a) is a theft offense or a posttheft offense depends on the circumstances of the case. Here, appellant has not provided any information about the circumstances of his case. The information charged that appellant "did unlawfully *drive and take* a certain vehicle . . . with intent, *either permanently or temporarily*, to deprive the said owner of the title to and possession of said vehicle." (Emphasis added.) The record does not include any information about when the theft occurred, whether appellant actually committed the theft, or whether appellant was simply joyriding in the stolen car. Because a conviction of section 10851(a) is not necessarily a theft offense, appellant has not shown that his conviction should be construed to fall under the definition of petty theft in section 490.2.

5

Even if appellant had supplied facts sufficient to show that he was convicted of a theft, however, it would not mandate the conclusion that he was eligible to have his sentence recalled under Proposition 47. Case law is currently divided on whether a theft violation of section 10851(a) is properly characterized as an offense that falls within the scope of section 490.2.

In *People v. Haywood* (Dec. 30, 2015, C078609) 243 Cal.App.4th 515 [2015 WL 9589809] (*Haywood*), a defendant sought to have his felony conviction under section 10851(a) designated as a misdemeanor under Proposition 47. The trial court denied the petition. The Court of Appeal, Third Appellate District, affirmed. It noted that "[t]he plain language of section 1170.18 identified only a few provisions of the Health and Safety Code and the Penal Code as offenses to designate as misdemeanors from among crimes that could be considered analogous," and section 10851(a) was not among them. (*Id*. at p. *3.) The court also reviewed text and ballot arguments in support of Proposition 47 and noted, "[T]he legislative history is devoid of a desire to include additional offenses, and it would be a fraud upon the electorate for a court to extend the reach of the initiative beyond what was expressly represented at the time." (*Id*. at p. *4.) The court concluded, "Unlawful taking/driving is thus not a qualifying offense under any circumstance." (*Id*. at p. *5.)[2]

The Sixth Appellate District reached the opposite conclusion in *People v. Ortiz* (Jan. 8, 2016) __ Cal.App.4th __ [2016 WL 105939] (*Ortiz*). There, the defendant was found driving a stolen car two weeks after it was reported stolen, and he pleaded guilty to violating section 10851(a). The defendant later petitioned for resentencing under Proposition 47, and the trial court denied his petition. The Court of Appeal looked to the language of section 490.2 and observed, "Nothing in the plain language of the statute—which covers 'any property by theft'—excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor

---

[2] The Fourth Appellate District, Division 2 reached a similar conclusion in *People v. Page* previously published at (2015) 241 Cal.App.4th 714. The Supreme Court has since granted review in case no. S230793 (review granted Jan. 27, 2015).

under Section 490.2." (*Id.* at p. *2.) The court also stated, "While Proposition 47 did not list Section 10851 by name or number, the plain language of Section 490.2 unambiguously includes conduct prohibited under Section 10851." (*Ibid.*) The court therefore held that a violation of section 10851(a) could qualify for resentencing under certain circumstances: "We conclude that if a person convicted of violating Section 10851 took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the prior conviction is eligible for resentencing as a misdemeanor under Proposition 47." (*Id.* at p. *3.)[3]

Therefore, there is at present no established consensus on whether a conviction for theft under section 10851 is eligible for resentencing under sections 490.2 and 1170.18. In the context of this case, where appellant pleaded no contest to a violation of section 666.5 and a conviction of section 10851 is not at issue, we decline to decide whether to follow the line of reasoning in *Haywood* on the one hand, or that of *Ortiz* on the other. Because appellant pleaded no contest to a violation of section 666.5, and the record contains no information about whether appellant's conviction was for a theft offense, neither line of reasoning applies here.

Moreover, appellant has failed to show that the vehicle at issue in this case was valued at less than $950. (§ 490.2 ["obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."].) Appellant had the burden to show that he was eligible for a Proposition 47 sentence reduction. (*Sherow, supra,* 239 Cal.App.4th at p. 880.) Even assuming appellant could show that his conviction was for theft, he has failed to show that the property taken—a 1996 Geo Prizm—was valued at less than $950.

_____

[3] *Ortiz* nevertheless affirmed the trial court's denial of the defendant's petition to recall his sentence because the defendant failed to prove that the vehicle he stole was valued at less than $950. (See *Ortiz, supra,* 2016 WL 105939, at p. *4 ["From this record, we cannot determine the value of the vehicle at the time defendant stole it. Accordingly, defendant has not made the showing required to prove he committed petty theft under Section 490.2."].)

Because Appellant has not established that section 666.5 is an eligible offense under section 1170.18, has not shown that he was convicted of a theft offense, and has not shown that the value of the vehicle was less than $950, appellant has failed to show that the court erred by denying his petition for resentencing.

**DISPOSITION**

The order denying appellant's petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.